**MINTER–WEISMAN COMPANY, INC., Relator,**

v.

**COMMISSIONER OF REVENUE, Respondent.**

No. C9–94–167.

Court of Appeals of Minnesota.

July 26, 1994.

Review Denied Sept. 28, 1994.

William R. Skolnick, LuAnn M. Petricka, William R. Skolnick, P.A., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Kurt J. Erickson, Julie S. Wingert, Asst. Attys. Gen., Tax Litigation Div., St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and LANSING and FORSBERG, JJ.

## OPINION

DAVIES, Judge.

The Commissioner of Revenue concluded that relator Minter–Weisman Company violated Minn.Stat. § 325D.33, subd. 3 (1992), by giving rebates to cigarette retailers. Minter–Weisman argues that (1) the Commissioner misconstrued section 325D.33, subdivision 3, by applying it to above cost sales; (2) the statute as applied unlawfully restrains trade; (3) the statute impairs Minter–Weisman's right to contract; (4) the statute is unconstitutionally vague; and (5) the Commissioner violated the Minnesota Administra-

tive Procedure Act by changing its interpretation of the statute. We disagree and affirm.

## FACTS

In 1992, the Minnesota Department of Revenue (DOR) investigated Minter–Weisman, a cigarette distributor and wholesaler, for giving rebates and concessions to retailers.

On June 18, 1993, the DOR issued a warning letter to Minter–Weisman alleging that it had violated Minn.Stat. § 325D.33, subd. 3 (1992) (prohibiting cigarette wholesalers from giving rebates or concessions of any kind). The DOR did not, however, allege that Minter–Weisman was selling cigarettes below the minimum legal price. *See* Minn. Stat. § 325D.32, subds. 9, 10 (1992) (defining legal price).

In September 1993, Minter–Weisman requested a hearing before an administrative law judge pursuant to Minn.Stat. § 325D.33, subd. 6. Both parties made cross-motions for summary affirmance or withdrawal of the warning letter and for attorney fees. The ALJ recommended granting the DOR's summary affirmance motion, denying Minter–Weisman's motion, and denying both parties' requests for attorney fees. The Commissioner of Revenue adopted the ALJ's recommendations. Minter–Weisman moved for reconsideration and the Commissioner reaffirmed. This certiorari appeal followed.

## ISSUES

1. Does Minn.Stat. § 325D.33, subd. 3 (1992), prohibit cigarette wholesalers from offering or giving rebates or concessions even if the sales price does not go below the minimum legal price?

2. Is predatory intent a necessary element for a violation of Minn.Stat. § 325D.33, subd. 3?

3. Does the Department of Revenue's enforcement of Minn.Stat. § 325D.33, subd. 3, amount to unlawful restraint of trade?

4. Does Minn.Stat. § 325D.33, subd. 3, violate the void-for-vagueness doctrine?

5. Does Minn.Stat. § 325D.33, subd. 3, as applied to Minter–Weisman, violate the contract clause?

6. Did the Department of Revenue's October 1992 news release constitute rulemaking under the Minnesota Administrative Procedures Act?

## ANALYSIS

### Standard of Review

 In reviewing an agency's summary affirmance, a reviewing court determines (1) whether there are any genuine issues of material fact, and (2) whether the agency erred in its application of the law. *Huber v. Niagara Mach. & Tool Works,* 430 N.W.2d 465, 467 (Minn.1988); *see* Minn.R. 1400.5500(k) (1991) (permitting agencies to make summary affirmances). A reviewing court need not defer to an administrative agency on questions of law. *St. Otto's Home v. Minnesota Dep't of Human Servs.,* 437 N.W.2d 35, 39–40 (Minn.1989). The construction of a statute is a legal question. *Id.*

 1. The statute at issue provides:

Subd. 3. **Rebates or concessions.** It is unlawful for a wholesaler to offer a rebate in price, to give a rebate in price, to offer a concession of any kind, or to give a concession of any kind in connection with the sale of cigarettes. For purposes of this chapter, the term "discount" is included in the definition of a rebate.

Minn.Stat. § 325D.33, subd. 3 (1992).

The DOR argues that subdivision 3 should be construed literally; thus, rebates and concessions are unlawful whether or not the wholesaler's price is below the minimum legal price. Minter–Weisman argues instead that subdivision 3 must be read in conjunction with the entire act; hence, rebates and concessions are allowed so long as the legal price is maintained. We disagree and hold that section 325D.33, subdivision 3, prohibits cigarette wholesalers from offering or giving rebates and concessions whether or not the sale price is less than the minimum legal price.

Read literally, the prohibition of rebates and concessions in subdivision 3 does not apply only when the sale price is below the minimum legal price. *See* Minn.Stat. § 645.16 (1992) ("the letter of the law shall not be disregarded under the pretext of pursuing the spirit"). And construing section 325D.33, subdivision 3, as written, makes sense because it prevents wholesalers from invoicing a legal price and then giving undisclosed, after-the-fact rebates or concessions. Thus, it assists in enforcement.

Minter–Weisman notes that subdivision 1 of section 325D.33 only prohibits sales "at less than cost," and it reasons *a fortiori* that the scope of subdivision 3 must be limited to rebates and concessions that create below cost prices. Subdivision 3, however, was enacted in 1987, while subdivision 1 was enacted 20 years earlier. *See* 1967 Minn.Laws ch. 600 § 4 (enacting subdivision 1 of section 325D.33). By Minter–Weisman's reading, the 1987 amendment added nothing, since below cost sales had already been illegal for 20 years. Moreover, although the headnote to section 325D.33—"SALES AT LESS THAN COST"—ostensibly supports Minter–Weisman's construction, it is of little legal import. *See* Minn.Stat. § 645.49 (1992) (headnotes are "mere catchwords" and are not part of the statute).

Minter–Weisman also claims the word "discounts" in subdivision 4, requiring wholesalers to preserve invoices, makes a literal construction of subdivision 3 incongruous because the legislature cannot outlaw discounts while simultaneously requiring discounts to be invoiced. We disagree. Subdivision 4 can be read to refer to time-of-sale discounts. It can also refer to manufacturers' discounts, which are important for calculating a wholesaler's cost and which, if disclosed on original invoices, are permitted. *See* Minn.Stat. § 325D.32, subd. 10(a), (b) (1992) (defining cost to wholesaler). Thus, subdivision 3 does not conflict with subdivision 4. Moreover, subdivision 4 is a general provision—referring to the reporting of invoices generally— while subdivision 3 is a special provision dealing specifically with wholesaler rebates and concessions. Consequently, subdivision 4 does not affect our construction of subdivision 3.

2. Minter–Weisman argues that proving a wholesaler's predatory intent—its intent to injure competition—is a necessary element of a subdivision 3 violation. The DOR argues that a subdivision 3 violation only requires proof that Minter–Weisman offered or gave rebates or concessions. We agree with the DOR and conclude that Minter–Weisman inappropriately relies on *Twin City Candy & Tobacco Co. v. A. Weisman Co.*, 276 Minn. 225, 149 N.W.2d 698 (1967). *Twin City* is distinguishable. Section 325D.33, subdivision 3, is not a price-fixing statute and does not establish minimum prices, as did the provision at issue in *Twin City. See id.* at 227–28, 149 N.W.2d at 700–01 (referring to Minn.Stat. § 325.64, et seq. (1965)).

3. Minter–Weisman contends that the Act as enforced is an unlawful restraint of trade. Since the record does not show that Minter–Weisman raised this claim before the ALJ, the issue is not properly before us on appeal. *See Elbow Lake Co-op Grain Co. v. Commodity Credit Corp.*, 144 F.Supp. 54, 61–62 (D.C.Minn.1956) (denying review of issue party failed to raise in earlier administrative proceeding), *aff'd*, 251 F.2d 633 (1958).

4. Minter–Weisman also claims the terms "discount," "concession," and "rebate" are unconstitutionally vague. It argues that the terms may be interpreted in different ways so that wholesalers are not put on notice about what the statute prohibits. The general purpose of the void-for-vagueness doctrine is to assure that ordinary people are put on notice of what conduct is prohibited and to discourage arbitrary and discriminatory law enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357–58, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). We believe the terms here have clear meanings. Further, Minter–Weisman was notified as early as 1990 that section 325D.33, subdivision 3, prohibits rebates and concessions regardless of price. Under these circumstances, subdivision 3 is not unconstitutionally vague.

5. Minter–Weisman argues that because the Commissioner's enforcement of section 325D.33, subdivision 3, has no "significant" public purpose, it unlawfully impairs the right to contract. *See* U.S. Const. art I § 10; Minn. Const. art. 1, § 11 (prohibiting impairment of contract). We disagree. By offering rebates or concessions, a wholesaler could secretly sell below the legal price and thereby upset fair competition. The general purpose of section 325D.33 is to prevent deceptive business practices, and subdivision 3 hinders such practices by requiring accurate and timely price information.

6. Finally, Minter–Weisman argues that an October 1992 DOR news release constituted improper rulemaking. The news release stated "all rebates, credits, or other concessions allowed on cigarette purchases * * * violate the Unfair Cigarette Sales Act." The news release merely reiterated section 325D.33, subdivision 3, and therefore was not improper rulemaking.

Minter–Weisman also argues that the news release contradicts DOR's prior interpretation of section 325D.33. This argument ignores, however, the fact that two years earlier the DOR had warned Minter–Weisman to stop its practice of offering rebates, and the DOR did not limit its warning to sales below the legal price. Since Minter–Weisman conceded at that time that it had violated section 325D.33, subdivision 3, this argument is unconvincing.

### DECISION

The Commissioner's order is affirmed.