GREGORY SEMANKO v. DEPARTMENT OF
EMPLOYMENT SERVICES.

244 N. W. 2d 663.

July 23, 1976—Nos. 46303, 46304.

*Michael Fargione,* Legal Aid Society of Minneapolis, for relator.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, and *Frank W. Levin,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Claimant seeks review of two orders of the commissioner of employment services. In the first the commissioner affirmed the decision of the appeal tribunal denying claimant compensation benefits for the period January 12 through March 22, 1975, and adopted the tribunal's finding that claimant was not available for work within the meaning of Minn. St. 268.08, subd. 1(3). In the second order the commissioner affirmed the order of the appeal tribunal dismissing claimant's appeal from an adverse determination as to eligibility for the period March 23 through July 14, 1975. We affirm both orders.

Claimant began working for the SCT Corporation on June 16, 1974, on a full-time basis. In early September 1974 he enrolled as a part-time student at the Midwestern School of Law, taking 11 class hours. At his request he was reduced to part-time status at work. On December 27, 1974, he was laid off by SCT because of lack of work. In January 1975 he enrolled at Midwestern as a full-time student taking 15 class hours.

On January 12, 1975, claimant filed a valid claim for unemployment compensation benefits. On February 27 and March 25, 1975, the local employment service office determined that claim-

ant was ineligible for benefits through March 22, 1975, on the basis that as a full-time law student he was not available for work. Appeal was taken from each determination and hearing held before the appeal tribunal on March 25, 1975.

At the hearing, claimant argued that his particular claim was governed by our decision in Hanson v. Continental Can Co. 301 Minn. 185, 221 N. W. 2d 670 (1974). To support this contention he testified that if required to choose between work and continuing school, he would quit school. The appeal tribunal found that he was not available for work and denied his claim for benefits.

On July 8, 1975, a claims deputy of the Department of Employment Services determined that claimant was ineligible for benefits for the period March 23 through June 14, 1975. The Determination of Ineligibility was mailed to claimant on July 15, 1975. On July 23, 1975, claimant filed an appeal of this determination with the appeal tribunal. On July 30, 1975, the appeal tribunal filed its order dismissing claimant's appeal as untimely.

1.  Minn. St. 268.08, subd. 1(3), provides as follows:

"An individual shall be eligible to receive benefits with respect to any week of unemployment only if the commissioner finds that:

\*   \*   \*   \*   \*

"(3)  He was able to work and was available for work, and was actively seeking work, provided that individual's weekly benefit amount shall be reduced one-fifth for each day such individual is unable to work or unavailable for work; provided further that benefits after December 31, 1971, shall not be denied by application of this clause to an individual who is in training with the approval of the commissioner."

To be "available for work" claimant must be "\* \* \* accessible or attainable for work when suitable work is offered at such hours as are customary in the type of employment to which he is suited \* \* \*." Olson v. Starkey, 259 Minn. 364, 371, 107 N. W. 2d 386, 391 (1961). Stated another way, the claimant must

be "* * * unequivocally exposed to the labor market and may not limit [his] availability because of personal or domestic reasons unrelated to [his] employment." Thompson v. Schraiber, 253 Minn. 46, 48, 90 N. W. 2d 915, 916 (1958). A claimant must be ready, willing, and able to accept suitable employment. A lack of interest in employment would indicate unavailability. Olson v. Starkey, *supra.*

In Hanson v. Continental Can, *supra,* we held that attending college while unemployed does not by definition make a claimant unavailable for work. However, while furthering his education, a claimant must meet the statutory requirements for eligibility and the tests for availability listed above. The question of availability for work must be determined anew on the facts of each case. Swanson v. Minneapolis-Honeywell Regulator Co. 240 Minn. 449, 61 N. W. 2d 526 (1953). Such determination will not be disturbed where reasonably sustained by the evidence. Olson v. Starkey, *supra.*

Our review indicates that the commissioner's determination was reasonably supported by the evidence. Claimant's voluntary reduction to part-time employment to accommodate his education and assumption of a full-time law school class schedule after his layoff established a factual basis from which the commissioner could reasonably conclude that claimant's posture toward the labor market was other than a genuine attachment. Claimant's testimony to the contrary gave rise to questions of credibility that were resolved by the commissioner as fact finder.

■ Claimant concedes that his appeal from the determination of the claims deputy was untimely. However, he argues that he was improperly denied a hearing where he might show compelling good cause for his otherwise late filing of appeal.

Minn. St. 268.10, subd. 2(1) provides a claimant or other interested party an opportunity to show compelling good cause for failure to file a timely appeal from a determination of an issue of disqualification or chargeability to an employer's account. Neither type of issue is involved herein.

Claimant was determined to be ineligible for benefits for the period March 23 through July 14, 1975. The conditions of eligibility are enumerated in Minn. St. 268.08, subd. 1.[1] Within the benefit year an official of the department or any interested person may raise an issue of claimant's eligibility for benefits. A determination thereof will be made and written notice given thereof to the claimant and other interested parties. Minn. St. 268.10, subd. 2(4). This subsection then provides as follows:

"* * * Unless the claimant or such other interested party or

---

[1] Minn. St. 268.08, subd. 1, provides as follows: "An individual shall be eligible to receive benefits with respect to any week of unemployment only if the commissioner finds that:

"(1) He has registered for work at and thereafter has continued to report to an employment office, or agent of such office, in accordance with such regulations as the commissioner may prescribe; except that the commissioner may by regulation waive or alter either or both of the requirements of this clause as to types of cases or situations with respect to which he finds that compliance with such requirements would be oppressive or would be inconsistent with the purposes of sections 268.03 to 268.24;

"(2) He has made a claim for benefits in accordance with such regulations as the commissioner may prescribe; and

"(3) He was able to work and was available for work, and was actively seeking work, provided that individual's weekly benefit amount shall be reduced one-fifth for each day such individual is unable to work or unavailable for work; provided further that benefits after December 31, 1971, shall not be denied by application of this clause to an individual who is in training with the approval of the commissioner;

"(4) He has been unemployed for a waiting period of one week during which he is otherwise eligible for benefits under sections 268.03 to 268.24, provided, however, payment for the waiting week shall be made to such individual after he has qualified for and been paid benefits for four consecutive weeks of unemployment which period of unemployment is terminated because of such individual's return to full time employment. No individual shall be required to serve a waiting period of more than one week within the one year period subsequent to filing a valid claim and commencing with the week within which such valid claim was filed."

parties or benefit year employer shall within seven calendar days after the delivery of such notice, or within seven days after such notice was mailed to his last known address, files an appeal from such determination, such determination shall be final and benefits shall be paid or denied in accordance therewith."

The time limitation provided in Minn. St. 268.10, subd. 2(4) is absolute and unambiguous. Claimant's contention is clearly contrary to the applicable statutes and is rejected.

Affirmed.