**Michael J. SMITH, Relator,**

v.

**MASTERSON PERSONNEL, INC.,
Commissioner of Jobs and
Training, Respondents.**

No. C1-91-2397.

Court of Appeals of Minnesota.

April 21, 1992.

Michael J. Smith, pro se.

P.J. Franklin, Dept. of Jobs and Training, St. Paul, for Com'r of Jobs and Training.

Considered and decided by SHORT, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

SHORT, Judge.

By writ of certiorari, Michael J. Smith seeks review of a determination of overpayment of unemployment compensation benefits relating to his employment at Masterson Personnel, Inc. On appeal, Smith argues (1) the Commissioner erred as a matter of law in failing to consider the delay in his receipt of the disqualification notice due to forwarding by the United States Postal Service; and (2) the Commissioner's decision that he voluntarily quit is without record support. We disagree and affirm.

## FACTS

In June of 1991, Smith began receiving unemployment compensation benefits. In August of 1991, a claims adjudicator with the Department of Jobs and Training (Department) determined Smith was disqualified from receiving benefits because he had voluntarily quit his job without good cause attributable to his employer. That "Determination of Separation of Employment" was mailed to Smith's last known address.

In September of 1991, the Department issued a "Notice of Overpayment" advising Smith to return $420.00 to the Department. Within eight days, Smith appealed that determination on the grounds that the August disqualification determination was erroneous.

A Department referee concluded (a) the appeal from the disqualification determination was untimely, and (b) Smith was over-paid benefits. The Commissioner's representative affirmed.

## ISSUE

On appeal from an overpayment notice, may a party challenge a final determination on the issue of disqualification from benefits?

## ANALYSIS

Our standard of review in unemployment cases is relatively narrow. The Commissioner's fact findings are to be viewed in the light most favorable to the decision and will not be disturbed if there is evidence which reasonably tends to support them. *McGovern v. Executive Express Transportation Enterprises, Inc.*, 420 N.W.2d 592, 594 (Minn.1988). However, questions of law are subject to de novo review. *See id.*

### I.

It is undisputed that Smith did not appeal the "Determination of Separation of Employment" within the 15–day period prescribed by statute. *See* Minn.Stat. § 268.-10, subd. 2(3) (1990). Smith argues the Commissioner erred as a matter of law by failing to consider a delay in his receipt of the determination caused by the United States Postal Service when forwarding his mail. We disagree. The time limitation contained in Minn.Stat. § 268.10, subd. 2(3) is clear and unambiguous. *Semanko v. Department of Employment Servs.*, 309 Minn. 425, 430, 244 N.W.2d 663, 666 (1976). We have repeatedly held there are no extensions or exceptions to the 15–day appeal period. *See, e.g., Baldinger Baking Co. v. Stephan*, 354 N.W.2d 569, 570–71 (Minn. App.1984); *Cole v. Holiday Inns, Inc.*, 347 N.W.2d 72, 73 (Minn.App.1984).

The Department properly mailed the determination to Smith's last known address. Receipt of the mailing is not determinative for purposes of the statute. The date of mailing commences the time for appeal. *See Jackson v. Minnesota Dep't of Manpower Servs.*, 296 Minn. 500, 501, 207 N.W.2d 62, 63 (1973). The referee

properly dismissed Smith's untimely appeal of the Department's determination of separation of employment.

## II.

 Smith also argues he was laid off by his employer, so the notice of overpayment is incorrect. While his appeal from the overpayment notice is timely, Smith is not entitled through that appeal to reopen the Department's disqualification decision. The decision as to whether Smith quit or was laid off work by his employer has been finally resolved. That subject cannot be reopened in the context of a later agency hearing on the amount of overpayment. *See Beardslee v. Iowa Dep't of Job Servs.,* 276 N.W.2d 373 (Iowa 1979); *cf. Larson v. Christgau,* 234 Minn. 561, 565, 51 N.W.2d 63, 66 (1952) (where employer failed to timely appeal a grant of unemployment benefits to employee, employer was barred from raising the issue of employee's right to benefits in a timely appeal from employer's subsequent rate redetermination).

The only matter properly before us involves the specific amount of overpayments due from Smith. Smith does not challenge the assessment amount. In addition, the record supports the Commissioner's findings. Under these circumstances, there is evidence reasonably tending to support the Commissioner's decision.

## DECISION

Smith is collaterally estopped from raising disqualification issues in his appeal from an overpayment notice.

Affirmed.