**Heidi STOTTLER, Relator,**

v.

**MEYERS PRINTING COMPANY,**
**Respondent,**

**Commissioner of Economic**
**Security, Respondent.**

No. CX–99–763.

Court of Appeals of Minnesota.

Dec. 14, 1999.

James P. Young, Minneapolis, for relator.

John P. Haberman, Law Offices of Martin L. Garden, Minneapolis, for respondent employer.

Kent E. Todd, St. Paul, for respondent commissioner.

Considered and decided by SHUMAKER, Presiding Judge, DAVIES, Judge, and HALBROOKS, Judge.

## OPINION

SHUMAKER, Judge.

After a reemployment insurance judge denied benefits to an employee, a commissioner's representative unilaterally ordered review of the decision. Without conducting a review, the representative withdrew the order after the time for appeal had expired. The employee appealed from the reemployment insurance judge's order. The commissioner dismissed the appeal as untimely. We hold that the commissioner is equitably estopped from withdrawing the order for review and that he must comply with the mandate in Minn.Stat. § 268.105, subd. 3(b) (1998).

## FACTS

Relator Heidi Stottler began working for respondent Meyers Printing Company on December 12, 1994. Meyers terminated Stottler's employment on August 7, 1998. Stottler applied for reemployment insurance benefits and Meyers objected. The Minnesota Department of Economic Security denied the application and Stottler appealed.

A reemployment insurance judge held an evidentiary hearing on Stottler's appeal, and, on November 10, 1998, decided that she had quit her employment.

On November 24, 1998, a Representative of the Commissioner of Economic Security unilaterally issued an "Order for Review" of the reemployment insurance judge's decision, stating:

> We know of no legal authority for the reemployment insurance judge's reasoning and conclusion that a request for leave of absence, which is granted by an employer, constitutes a quit from employment.

Prior to the order for review, neither Stottler nor Meyers had filed an appeal of the reemployment insurance judge's decision, but the 30-day appeal time had not yet expired.

On January 8, 1999, the commissioner's representative issued an "Order of Withdrawal" stating that the Order of Review of November 24, 1998, was withdrawn. In his memorandum attached to the withdrawal order, the representative stated that the effect of the withdrawal is that the reemployment insurance judge's decision of November 10, 1998, is final and that neither Stottler nor Meyers had appealed within 30 days of that decision.

Stottler then filed an appeal on February 5, 1999, from the November 10, 1998, decision. On April 8, 1999, the commissioner dismissed the appeal as untimely, ruling that the November 24, 1998, Order of Review did not toll the statutory time period for appeal. Stottler petitioned this court for review.

## ISSUE

■ The commissioner of economic security ordered review of a reemployment insurance judge's decision. Without conducting that review, and after the time for appeal of the judge's decision had expired, the commissioner withdrew his order. The commissioner then dismissed the employee's appeal from the judge's decision as untimely. Is the commissioner equitably estopped from withdrawing his order for review?

## ANALYSIS

■ The question of whether the commissioner erred in dismissing Stottler's appeal as untimely is one of law. See Talberg v. Commissioner of Econ. Sec., 370 N.W.2d 686, 688 (Minn.App.1985) (commissioner's conclusion as to date of employees' eligibility to receive trade adjustment assistance was legal conclusion). Although the scope of our review is very limited as to the commissioner's findings, we are free to exercise independent judgment when reviewing the commissioner's legal conclusions. Id. at 688.

The commissioner of economic security may review a reemployment insurance judge's decision if, within 30 days of the decision, a party files an appeal or the commissioner unilaterally orders review. Minn.Stat. § 268.105, subd. 3(a) (1998). Upon review, the commissioner is mandated to do either of two things:

> Upon review, the commissioner shall, on the basis of the evidence submitted at the hearing before the reemployment insurance judge, make findings of fact and decision, or remand the matter back to the reemployment insurance judge for the taking of additional evidence and new findings and decision based on all the evidence.

Minn.Stat. § 268.105, subd. 3(b) (1998). Nothing in the statutes permits the commissioner to withdraw an order for review. The commissioner's withdrawal of the or-

der for review was contrary to his statutory obligation, and thus, beyond his authority.

The obvious purpose of an appeal of a reemployment judge's decision is to obtain a review and determination of the correctness of the decision. When the commissioner unilaterally ordered review of the reemployment judge's decision, the parties could reasonably expect that the commissioner would do what the statute mandated. There would be no logical reason for a party to file an appeal to obtain precisely what the commissioner had already unilaterally ordered. Thus, it was reasonable for Stottler to rely on the commissioner's declaration that he would conduct a review. Her reliance caused her to forgo the filing of an appeal within 30 days after the November 24, 1998, decision.

 Under the unique facts of this case, we hold that the commissioner is equitably estopped from withdrawing the order for review. When a party induces another to believe that certain facts exist and the other justifiably relies on that belief and loses rights, the party may be estopped from denying the existence of the facts relied upon. *Transamerica Ins. Group v. Paul*, 267 N.W.2d 180, 183 (Minn. 1978). The courts have applied the doctrine of equitable estoppel to prevent parties from asserting periods of limitations as bars to the enforcement of rights.[1] *See Brenner v. Nordby*, 306 N.W.2d 126, 127 (Minn.1981) (insurer who induced homeowner to refrain from suing on representation that investigation might lead to settlement, estopped from asserting statute of limitations defense); *Albachten v. Bradley*, 212 Minn. 359, 369–70, 3 N.W.2d 783, 788 (1942) (oral agreement to wait until after expiration of limitation period estops party from using statute of limitations as defense).

## DECISION

The commissioner is equitably estopped from withdrawing the Order for Review and must comply with Minn.Stat. § 268.105, subd. 3(b) (1998).

**Reversed and remanded.**

---

1. In *Hansen v. C.W. Mears, Inc.*, 486 N.W.2d 776 (Minn.App.1992), *review denied* (Minn. July 6, 1992), this court stated: "We are not reviewing a trial court decision, but an agency decision, and under present law we lack jurisdiction to apply the equitable estoppel doctrine to this case. The supreme court or the legislature might wish to consider wheth-er equitable estoppel should be available in unemployment compensation cases." *Id.* at 781. However, the *Hansen* court cited no authority for this proposition, and we find no applicable law that limits our authority to apply equitable estoppel to an agency decision.