**WALETICH CORPORATION, Relator,**

v.

**COMMISSIONER OF EMPLOYMENT AND ECONOMIC DEVELOPMENT, Respondent.**

No. A03–1739.

Court of Appeals of Minnesota.

July 13, 2004.

Christopher P. Rosengren, Gislason & Hunter, LLP, Mankato, MN, for relator.

Lee B. Nelson, Linda A. Holmes, St. Paul, MN, for respondent.

Considered and decided by HALBROOKS, Presiding Judge; HARTEN, Judge; and MINGE, Judge.

## OPINION

MINGE, Judge.

Relator challenges the decision by the commissioner's representative dismissing its appeal as untimely. On appeal, relator argues that an alleged telephone conversation it had with the department, which occurred within the 30–day appeal period, was an effective appeal and permissible under Minnesota law. We affirm.

## FACTS

On December 24, 2002, respondent Minnesota Department of Employment and Economic Development mailed a notification to relator Waletich Corporation (Waletich) of its succession determination, naming Waletich as successor of B.C. Cartage, Inc. The notification contained information regarding Waletich's right of

protest and appeal, and indicated that Waletich had 30 days in which to file its appeal. Waletich claims that it made a number of phone calls to the department prior to the expiration of the 30–day appeal period.

Waletich filed a written appeal on July 2, 2003, which was 160 days after the time for appealing the initial department determination had expired. The unemployment law judge dismissed relator's appeal. The commissioner's representative affirmed the finding that it lacked jurisdiction to consider the merits of the appeal because the appeal was untimely. Realtor now appeals the decision of the commissioner's representative to this court.

## ISSUE

Did relator's alleged phone calls to the Department of Employment and Economic Development constitute a timely appeal?

## ANALYSIS

■ The decision of the commissioner's representative to dismiss an appeal as untimely is a question of law that we review de novo. *Stottler v. Meyers Printing Co.*, 602 N.W.2d 916, 918 (Minn.App.1999). The Minnesota Supreme Court has held that the statutory time for appeal is "absolute and unambiguous." *Semanko v. Dep't of Employment Servs.*, 309 Minn. 425, 430, 244 N.W.2d 663, 666 (1976). "[S]tatutes designating the time for appeal from decisions of all levels of the Department [of Employment and Economic Development] should be strictly construed...." *King v. Univ. of Minn.*, 387 N.W.2d 675, 677 (Minn.App.1986), *review denied* (Minn. Aug. 13, 1986). "An agency is deprived of jurisdiction to review its decision if a timely appeal is not filed as required by statute." *In re Emmanuel Nursing Home*, 411 N.W.2d 511, 516 (Minn.App.1987), *review denied* (Minn. Oct. 13, 1987).

■ We consider relator's argument that, when read together, Minn.Stat. §§ 268.051, subd. 4 and 268.035, subd. 17 (2002), allow for appeals by telephone. Minn.Stat. § 268.051, subd. 4(f), provides for appeals from tax succession determinations and states:

The commissioner, upon the commissioner's own motion or upon application of an employer shall determine if an employer is a successor within the meaning of this subdivision and shall send the determination to the employer by mail or electronic transmission. The determination shall be final unless an appeal is filed by the employer within 30 calendar days after the sending of the determination. Proceedings on the appeal shall be conducted in accordance with section 268.105.

The statute defines "filed" or "filing" as:

[T]he delivery of any document to the commissioner ... or depositing of the document in the United States mail properly addressed to the department with postage prepaid....

If, where allowed, an application, protest, appeal, or other required action is made by telephone or electronic transmission, it shall be considered filed on the day received by the department.

Minn.Stat. § 268.035, subd. 17.

Relator contends that the statute does not specifically provide for when telephone appeals are permitted. Therefore, according to relator, because the definition of "filed" alludes to appeals made by telephone, such a method must be permissible for all appeals. Relator further argues that because the statute allows for withdrawals of appeals to be made by telephone, then it follows that the appeal itself may be permissibly filed by telephone. *See* Minn.Stat. § 268.105, subd. 3 (2002)

(allowing for withdrawals of appeals by telephone).

Contrary to relator's contention, the statute does specifically address when telephone appeals are allowed. Minn.Stat. § 268.103, subd. 1 (2002), in part, states:

(a) Unless the statutory provision providing for an appeal requires that the appeal be in writing, the commissioner shall have the discretion to allow an appeal to be made by telephone or by electronic transmission. If the commissioner allows an appeal to be made by telephone or by electronic transmission, that shall be clearly set out on the determination or decision subject to appeal.

(b) The commissioner may restrict the conditions under which an appeal by telephone or electronic transmission may be made. Any restrictions ... or other conditions, shall be clearly set out on the determination or decision subject to appeal.

■ First, we note that no testimony was taken before the unemployment law judge, and there is no other indication in the record providing evidence of relator's alleged telephone calls to the department. But even assuming that Waletich did make telephone contact with the department, its argument must fail. Under Minn.Stat. § 268.103, subd. 1, telephone appeals are only permitted only where the commissioner has clearly set out in its determination that such a method is permissible. Here, the succession determination mailed to Waletich specifically stated:

The above determination will become final unless a *written* rate of protest or succession appeal is filed within thirty days of the date of this letter. The filing date is the date of delivery to this department or of cancellation by the U.S. Postal Service. Your letter must identify the determination and briefly state the basis for your protest or appeal.

(Emphasis added.)

The determination clearly states that Waletich was required to file a *written* appeal within 30 days of the date of the letter. The date of the letter is December 24, 2002. Waletich did not file a written appeal until July 2, 2003—160 days after the time for appeal expired. Further, there is no "clearly set out" statement on the determination indicating that the commissioner would allow for Waletich to file its appeal by telephone. Accordingly, even assuming that Waletich did contact the department by telephone, such alleged conversations do not constitute the "filing" of an appeal.

## DECISION

Because Waletich failed to file a timely appeal, the department was deprived of jurisdiction, and relator's appeal was properly dismissed.

**Affirmed.**