Theodis KENNEDY, Relator,

v.

AMERICAN PAPER RECYCLING CORP., Respondent,

Department of Employment and Economic Development, Respondent.

No. A05–2142.

Court of Appeals of Minnesota.

May 30, 2006.

Theodis Kennedy, St. Paul, MN, pro se relator.

American Paper Recycling Corp., St. Paul, MN, respondent.

Linda A. Holmes, Department of Employment and Economic Development, St. Paul, MN, for respondent Department of Employment and Economic Development.

Considered and decided by HALBROOKS, Presiding Judge; LANSING, Judge; and SHUMAKER, Judge.

## OPINION

HALBROOKS, Judge.

Relator argues that the unemployment law judge (ULJ) improperly dismissed his appeal, which was postmarked 31 days after the department's initial disqualification determination. Because the statutory ap-

peal period was 30 days and the department lacked jurisdiction to hear an appeal that was postmarked after the appeal period, we affirm.

## FACTS

Relator Theodis Kennedy applied for unemployment benefits after being discharged from his employment with respondent American Paper Recycling Corp. The department initially determined that relator was disqualified because the discharge was for employment misconduct. The mailing date of the determination of disqualification was July 20, 2005.

The determination of disqualification sent to relator included the department's findings, the determination, and the notice of the right to appeal. In all capital letters, the right to appeal stated that the determination will become final unless an appeal is filed within 30 calendar days from the mailing date. The notice also provided the mailing address for the appeals office and stated that, if mailed, the postmark was determinative of filing by mail. Relator sent a letter postmarked August 20, 2005, requesting an appeal.

The ULJ issued an order dismissing the appeal on the ground that the appeal was not filed within the time period required by law. The order also contained the procedure to request reconsideration. Relator asked for reconsideration in a letter, stating that he had mailed his appeal to a different address "not knowing that they relocated to another address." The ULJ found that the order of dismissal was factually and legally correct and affirmed the dismissal. Relator petitioned for a writ of certiorari.

## ISSUE

Does the Department of Employment and Economic Development have jurisdiction over relator's appeal of its determination that relator was discharged for employment misconduct when the appeal was postmarked one day after the appeal period had run?

## ANALYSIS

■ An agency decision to dismiss an appeal as untimely is a question of law, which we review de novo. *Stottler v. Meyers Printing Co.*, 602 N.W.2d 916, 918 (Minn.App.1999); *see also Harms v. Oak Meadows,* 619 N.W.2d 201, 202 (Minn. 2000) (affirming dismissal for failure to timely serve petition for writ of certiorari on unemployment appeal).

■ Upon issuing a determination of disqualification for unemployment benefits, the department is required to send a notice to the applicant and employer by mail or electronic transmission. Minn.Stat. § 268.101, subd. 2 (2004). A determination of disqualification "shall be final unless an appeal is filed by the applicant or … employer within 30 calendar days after sending." *Id.*, subd. 2(e). Here, the department's notice conspicuously stated that the mailing date was July 20, 2005, and, in all capital letters, set out the parties' right of appeal, consistent with the statute. The notice also provided the mailing address for the appeals office and stated that, if mailed, the postmark would be determinative of filing. Relator's appeal letter was postmarked August 20, 2005, 31 calendar days after the mailing date of the determination of disqualification.

■ Under prior unemployment statutes with shorter appeal periods, the statutory time limitations for appealing disqualification determinations were held to be absolute and unambiguous. *Semanko v. Dep't of Employment Servs.*, 309 Minn. 425, 429–30, 244 N.W.2d 663, 666 (1976) (seven calendar days); *Jackson v. Minn. Dep't of Manpower Servs.*, 296 Minn. 500,

501, 207 N.W.2d 62, 63 (1973) (same). Not only is the 30–calendar–day time limitation clear in the current statute, but also its content was conspicuously placed and un-ambiguously explained in the disqualifica-tion notice sent to relator. Although rela-tor alleges that his appeal was initially timely mailed but to an old address, there are no statutory provisions for extensions or exceptions to the appeal period. *See Johnson v. Metro. Med. Ctr.*, 395 N.W.2d 380, 382 (Minn.App.1986) (concluding that prior unemployment law provided no basis to toll appeal period). When an appeal from a disqualification determination is un-timely, it must be dismissed for lack of jurisdiction.

## DECISION

The unemployment law judge properly dismissed relator's appeal as untimely.

**Affirmed.**