Eric KANGAS, Respondent,

v.

**INDUSTRIAL WELDERS AND MACHINISTS, INC., Relator,**

**Department of Employment and Economic Development, Respondent.**

**No. A11–1207.**

Court of Appeals of Minnesota.

May 21, 2012.

Andrew P. Pierce, Falsani Balmer Peterson Quinn & Beyer, Duluth, MN, for respondent.

David L. Tilden, Hanft Fride, Duluth, MN, for relator.

Lee B. Nelson, Amy R. Lawler, Department of Employment and Economic Development, St. Paul, MN, for respondent Department.

Considered and decided by ROSS, Presiding Judge; HALBROOKS, Judge; and RODENBERG, Judge.

## OPINION

ROSS, Judge.

Industrial Welders and Machinists, Inc., terminated Eric Kangas's employment, and the Minnesota Department of Employment and Economic Development deemed him ineligible for unemployment benefits because he was terminated for employment misconduct. In separate letters the department notified Kangas of that determination and that he was also ineligible because he failed to show that he was available and actively searching for employment. Kangas appealed the not-available-and-actively-searching determination by indicating the appeal on the department's website, but he did not click the link that would indicate that he intended also to appeal the misconduct determination. The unemployment law judge (ULJ) exercised jurisdiction and decided the misconduct appeal nonetheless because Kangas's described reason for his appeal was that he had not committed misconduct. The ULJ reversed both ineligibility determinations, and Industrial Welders now appeals by writ of certiorari to this court, arguing that the ULJ lacked jurisdiction to decide the misconduct-determination appeal. Because Kangas's statement that he did not commit misconduct was a written statement delivered to the department sufficient to appeal the misconduct determination, we affirm.

## FACTS

Eric Kangas sought unemployment benefits from the department of employment and economic development after Industrial Welders and Machinists, Inc.,

terminated his employment in February 2011 for violating company policy by removing his toolbox without a supervisor first inspecting it for company property. The department sent Kangas a determination of ineligibility notice on March 10, 2011, concluding that he had been terminated for misconduct. The notice indicated a deadline of March 30, 2011, for Kangas to appeal the determination administratively. On March 25, 2011, Kangas received an additional departmental notice of ineligibility because he failed to show that he was available and actively searching for employment. That second notice indicated an administrative appeal deadline of April 14, 2011. On March 28, Kangas, using the department's website, noticed his appeal of the not-available-and-actively-searching determination of ineligibility. In that same website communication process, he specified textually that he was appealing because he did not commit theft by removing the toolbox. Despite his articulated basis for his appeal, he did not click on the misconduct "issue identification number" to indicate that he was appealing that determination.

At an evidentiary hearing on the administrative appeal, the ULJ stated that Kangas had appealed only the determination that he was available and actively searching for suitable employment, not the misconduct determination. Kangas conceded that his electronic designation indicated that he was appealing only one determination, but he contended that he intended to appeal both. The ULJ stated that "a rather liberal approach [is taken] to what constitutes an appeal request." On this ground and because Kangas's appeal would have been timely as to both determinations, the ULJ accepted both appeals. The ULJ then reversed both determinations and held that Kangas was eligible to receive benefits.

Industrial Welders requested reconsideration, arguing that Kangas failed to appeal the misconduct determination and that the ULJ therefore lacked authority to reverse that determination. The ULJ affirmed its prior decision, holding that Minnesota Statutes section 268.103, subdivision 2(b) (2010), allows an administrative appeal without requiring an appellant to include any specific words. Industrial Welders appeals by writ of certiorari.

## ISSUE

Did the ULJ err by exercising jurisdiction over Kangas's administrative appeal from the determination of ineligibility due to employment misconduct?

## ANALYSIS

 Industrial Welders argues that the ULJ did not have jurisdiction to hear Kangas's appeal from the misconduct determination because Kangas never actually appealed that determination. When we review a ULJ's decision, we may affirm it, reverse or modify it, or remand the case for further proceedings. Minn.Stat. § 268.105, subd. 7(d) (2010). Whether an administrative appeal of a departmental determination is timely is a question of law that we review de novo. *Kennedy v. Am. Paper Recycling Corp.*, 714 N.W.2d 738, 739 (Minn.App.2006).

Without dispute, Kangas did not click the indicator on the department's website that would immediately designate an appeal of the misconduct determination. But also without dispute, when Kangas typed the basis for his administrative appeal in the same website transaction, he stated that he was challenging the decision that he had committed misconduct. The question we face is one of first impression, which is whether a written description of an appeal filed through the department's website is sufficient to broaden the appeal

beyond the specific appeal ground as designated by the user's mouse-clicking selection of the basis for the appeal. Applying the plain language of the statute, we believe the textual description can shape the basis for the appeal.

An unemployment benefits eligibility determination becomes final unless it is challenged by an administrative appeal filed within 20 days after the department sends notice of the determination. Minn.Stat. § 268.101, subd. 2(f) (2010). That 20–day deadline is "absolute and unambiguous," and a ULJ must dismiss an untimely appeal from an eligibility determination for lack of jurisdiction. *Kennedy*, 714 N.W.2d at 739–40.

Our decision in this case is controlled by statute, and particularly, it is controlled by the interpretation of two subdivisions of the same section. Industrial Welders argues for a restrictive application of Minnesota Statutes section 268.103, subdivision 1 (2010). That subdivision governs electronic administrative appeals and states as follows:

(a) The commissioner may allow an appeal to be filed by electronic transmission. If the commissioner allows an appeal to be filed by electronic transmission, that must be clearly set out on the determination or decision subject to appeal.

(b) The commissioner may restrict the manner and format under which an appeal by electronic transmission may be filed. Restrictions to a specific telephone number or electronic address must be clearly set out on the determination or decision subject to appeal.

(c) All information requested by the commissioner when an appeal is filed by electronic transmission must be supplied or the communication does not constitute an appeal.

Minn.Stat. § 268.103, subd. 1. Industrial Welders asserts that Kangas has not appealed the misconduct determination because he did not comply with the department's manner and format requirements for filing an electronic appeal given that he failed to provide the necessary information to appeal the misconduct determination using the electronic clickable format of the website.

The department counters this technical argument, pointing to subdivision 2 of the same section. In relevant part, that subdivision reads as follows:

A written statement delivered or mailed to the department that could reasonably be interpreted to mean that an involved applicant is in disagreement with a specific determination or decision is considered an appeal. *No specific words need be used* for the written statement to be considered an appeal.

Minn.Stat. § 268.103, subd. 2(b) (emphasis added). The department's online form for the not-available-and-actively-searching determination asked Kangas to "enter the reason [he was] appealing this decision." He did so, typing that he was appealing the decision because he "did not commit theft by removing [his] own tool box," and he went on to describe why his actions did not constitute employment misconduct. The department argues that this statement was sufficient under subdivision 2(b) for Kangas to appeal his misconduct-determination. The department's argument is clearly correct.

■ We review decisions of statutory interpretation de novo. *Krueger v. Zeman Constr. Co.*, 781 N.W.2d 858, 861 (Minn. 2010). When a statute's words "are clear and free from all ambiguity," we will apply the plain meaning. Minn.Stat. § 645.16 (2010). On that standard, we hold that "[a] written statement delivered" by an administrative appellant under subdivision

2(b) applies to electronically transmitted statements delivered through the department's website to the same extent it applies to physically transmitted statements mailed or delivered by hand. The present rendition of subdivision 2(b) was drafted after the statute already allowed for electronic submissions, giving us no reason to suppose that "[a] written statement delivered" includes only those written statements captured in print rather than those that exist in digital form. *See* 2004 Minn. Laws ch. 183, § 70, at 304. We also agree with the ULJ's statement that under section 268.103 all that is necessary to perfect an appeal is a challenger's statement that can "reasonably be interpreted to mean" that the relator is appealing a particular determination. Because Kangas's written statement could reasonably be interpreted to mean that he was challenging his misconduct determination, his statement was sufficient to perfect an appeal of that determination.

We recognize that one might suppose that subdivision 2 does not apply to electronic administrative appeals because the subdivision heading reads "Appeal by Mail." But a statute's heading is not a part of the statute and it does not establish its scope or meaning. Minn.Stat. § 645.49 (2010); *Associated Builders & Contractors v. Ventura,* 610 N.W.2d 293, 303 n. 23 (Minn.2000); *Minter–Weisman Co. v. Comm'r of Revenue,* 520 N.W.2d 1, 3 (Minn.App.1994), *review denied* (Minn. Sept. 28, 1994). And the text of the subdivision indicates expressly that it applies to "a written statement delivered *or* mailed," not just a written statement "mailed."

Because Kangas's appeal of his misconduct determination was perfected when he electronically delivered his written statement describing his challenge, and because that delivery occurred within 20 days of both challenged determinations, the ULJ properly exercised jurisdiction to hear Kangas's appeal of the misconduct determination.

### DECISION

The ULJ did not err by exercising jurisdiction over Kangas's appeals of both of his ineligibility determinations.

**Affirmed.**