*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0153**

Jagjewan Tamaldeo,
Relator,

vs.

Marsden Building Maintenance LLC,
Respondent,
Department of Employment and Economic Development,
Respondent.

**Filed October 20, 2014
Affirmed
Stauber, Judge**

Department of Employment and Economic Development
File No. 31355334-3

Jagjewan Tamaldeo, St. Michael, Minnesota (pro se relator)

Marsden Building Maintenance, L.L.C., St. Louis, Missouri (respondent employer)

Lee B. Nelson, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department)

Considered and decided by Stauber, Presiding Judge; Hudson, Judge; and Kirk, Judge.

**STAUBER**, Judge

Relator Jagjewan Tamaldeo seeks review of the decision by an unemployment law judge (ULJ) affirming the dismissal of his appeal of an ineligibility determination as untimely. We affirm.

## FACTS

On February 26, 2013, Marsden discharged relator from his part-time job for falsification of time cards. At the time, he was receiving unemployment benefits following separation from other employment. On July 16, 2013, the department issued a determination of ineligibility on the ground that relator had been discharged for aggravated employment misconduct. The determination stated that an appeal had to be filed by August 5, 2013.

On August 6, 2013, relator filed an appeal with the department in which he listed the document number for the July 16, 2013 determination along with document numbers for other determinations he was challenging. On October 23, 2013, the ULJ issued an order dismissing relator's appeal as untimely because it was filed on August 6, 2013, one day after the August 5, 2013 deadline for appeal. On November 7, 2013, relator filed a timely request for reconsideration. On December 18, 2013, the ULJ issued an order affirming the dismissal of relator's appeal as untimely. On January 17, 2014, relator filed a timely petition for a writ of certiorari to obtain review of the ULJ's decision on reconsideration.

**D E C I S I O N**

This court may affirm the decision of the ULJ or may reverse or modify the decision if a petitioner's substantial rights were prejudiced because the ULJ's decision was "made upon unlawful procedure" or affected by an "error of law." 2014 Minn. Laws ch. 271, art. 1, § 1, at 1028-29 (to be codified at Minn. Stat. § 268.105, subd. 7(d)(3), (4) (2014)).[1] "An agency decision to dismiss an appeal as untimely is a question of law, which we review de novo." *Kennedy v. Am. Paper Recycling Corp.*, 714 N.W.2d 738, 739 (Minn. App. 2006).

A determination of ineligibility is final unless the applicant files an appeal within 20 calendar days after the determination is sent to the applicant. Minn. Stat. § 268.101, subd. 2(f) (2012). "An untimely appeal from a determination must be dismissed for lack of jurisdiction." *Stassen v. Lone Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 29 (Minn. App. 2012). "There is no equitable or common law denial or allowance of unemployment benefits." Minn. Stat. § 268.069, subd. 3 (2012).

Relator makes the same argument here as he did to the ULJ, namely, that he did not know that he had to appeal the four department decisions. The ULJ interpreted this as meaning that relator intended his appeal to the other determinations to constitute an appeal to the July 16, 2013 determination of ineligibility. But the problem is that the appeal was filed on August 6, 2013, and the deadline for appealing the July 16, 2013

---

[1] The 2014 amendment affected only subdivision 7(b) and subdivision 7(d) was unchanged. Because the amendment did not make any substantive changes to subdivision 7(d), the amended statute applies to pending litigation. *Braylock v. Jesson*, 819 N.W.2d 585, 588 (Minn. 2012).

determination was August 5, 2013.  Because the August 6, 2013 appeal from the July 16, 2013 determination of ineligibility is untimely, the ULJ correctly affirmed the dismissal of the appeal on reconsideration.

Relator also argues the merits of the determination of ineligibility.  But the ULJ did not reach that issue because his appeal was dismissed as untimely, and we cannot address the merits either.  *See Christgau v. Fine*, 223 Minn. 452, 463, 27 N.W.2d 193, 199 (1947).

**Affirmed.**