*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0483**

Sherrie M. Aubin,
Relator,

vs.

Family Dollar, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed December 1, 2014
Affirmed
Kirk, Judge**

Department of Employment and Economic Development
File No. 31551980-5

Tiana O'Konek, Charles H. Thomas, Law Offices of Southern Minnesota Regional Legal Services, Inc., St. Paul, Minnesota (for relator)

Family Dollar, Inc., St. Louis, Missouri (respondent)

Lee B. Nelson, Munazza Humayun, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Rodenberg, Presiding Judge; Hooten, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

In this certiorari appeal, relator Sherrie M. Aubin argues that (1) the unemployment-law judge (ULJ) erred by concluding that she failed to file a timely appeal and (2) respondent Minnesota Department of Employment and Economic Development's (DEED) online appeal system violated her due-process rights. We affirm.

## FACTS

In August 2013, Aubin established a benefit account with DEED after being discharged from her employment at respondent Family Dollar. DEED determined that Aubin was ineligible for unemployment benefits because she was discharged for employment misconduct. The determination of ineligibility stated:

> This determination will become final unless an appeal is filed by Thursday, September 26, 2013. The "filed" date is the postmark date, if mailed, or the date received by the Unemployment Insurance Program, if sent by fax or internet. The recommended method for filing an appeal is by internet. You can do so by logging in to your account at www.uimn.org/uimn/ and following the prompts. If filing by fax or mail please send this determination, or a photocopy, along with a short statement explaining why you are filing the appeal to the fax number or address listed below.

Aubin filed an appeal online on October 8 and stated that her appeal was late because she had previously filed an appeal on September 20 that DEED had not received. A ULJ later ordered an evidentiary hearing "to determine whether Aubin filed a timely appeal."

At the evidentiary hearing, Aubin testified that she filed an electronic appeal at the library on September 19 or 20. When doing so, she updated her contact information and "hit either next or continue," and entered a witness's information and a statement

regarding her appeal. Aubin then selected a hearing date of October 8 at 1:00 p.m. "and then [she] hit a button and the screen went blank." Aubin asked a librarian for help. The librarian "just clicked something and the screen came back up and she exited out of everything." Aubin left the library and called the customer service department of the unemployment office and explained the situation. According to Aubin, the person on the phone explained that her court date was October 8 or "whatever the computer said would be [the] court date," and that she should expect a phone call on that date. When she did not receive a call on October 8, Aubin called the unemployment office and was told "to get down to the nearest workforce center as soon as possible and [file] the appeal." Aubin filed her appeal that same day.

Twyla Martin, an unemployment insurance specialist testifying on behalf of DEED, explained that she researched Aubin's event log and DEED's phone log in preparation for the evidentiary hearing. Martin explained the steps required to file an online appeal and stated that "[t]he screen will go blank if a party takes too long to file an appeal or takes too long to take any action in the system. The system usually gives roughly around 30 minutes to complete an action." If the screen goes blank, the applicant must log back in to file the appeal, but any previously-submitted information will repopulate if the applicant logs back in on the same day. Martin submitted a screen shot from the last screen of DEED's online appeal system, which requires an applicant to review the submitted information and then click "Submit Appeal." Martin explained that DEED previously required applicants to click "Confirm," but the wording was changed "years ago" because people were not completing their online appeals. Martin had heard

of "maybe 10" cases since 2007 in which an applicant thought they had filed an appeal but had not because the computer screen went blank.

According to Martin, DEED's computer records show that Aubin updated her contact information on September 20. But Martin could not access any other information that Aubin may have provided before her computer screen went blank. The only way that Martin could have seen Aubin's appeal information was if she had logged in to file Aubin's appeal for her on September 20. Martin further testified that DEED's phone log revealed two calls from Aubin on September 20. The first at 10:21 a.m. lasted 57 seconds and the second at 10:22 a.m. lasted 56 seconds. Martin testified that Aubin entered some information into the phone system but did not speak to anyone because the calls were not long enough to enter all of the required information before reaching a person and because DEED's phone logs would have listed the date, time, and person with whom Aubin spoke. According to Martin, the logs show that Aubin hung up, or abandoned, both calls.

Following the evidentiary hearing, the ULJ dismissed Aubin's appeal, concluding that it was untimely and that he "ha[d] no jurisdiction to address the merits of Aubin's appeal." The ULJ explained that Aubin entered certain information online on September 19 or 20 but, "[b]ecause Aubin did not proceed to the next screen within the time allowed by the system, her access to the system was ended by the system due to inactivity and the computer screen became blank." The ULJ also concluded that Aubin's testimony regarding her call to DEED "was not credible because the department has no record of a conversation between Aubin and customer service."

4

Aubin timely requested reconsideration, arguing that DEED's computer error prevented timely filing of her appeal. A ULJ affirmed the decision, explaining that "[i]t would be unreasonable for Aubin to assume that her appeal had been filed if her screen went blank in the middle of the appeal process." The ULJ concluded that "Aubin simply abandoned her efforts to file an appeal during the appeal period by failing to complete the appeal process." This certiorari appeal follows.

## D E C I S I O N

### I.    The ULJ did not err by concluding that Aubin failed to file a timely appeal.

When reviewing a ULJ's decision, this court may affirm, remand for further proceedings, or reverse or modify the decision if the substantial rights of the relator have been prejudiced because the findings, inferences, conclusion, or decision are in violation of a constitutional provision, affected by an error of law, or unsupported by substantial evidence. 2014 Minn. Laws ch. 271, art. 1, § 1, at 1028-29 (to be codified at Minn. Stat. § 268.105, subd. 7(d) (2014)).[1]  "A determination of . . . ineligibility is final unless an appeal is filed by the applicant . . . within 20 calendar days after sending." Minn. Stat. § 268.101, subd. 2(f) (2012).  This statutory time limitation is "absolute and unambiguous." *Semanko v. Dep't of Emp't Servs.*, 309 Minn. 425, 430, 244 N.W.2d 663, 666 (1976).  "An untimely appeal from a determination must be dismissed for lack of jurisdiction." *Stassen v. Lone Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 29 (Minn. App. 2012).  A ULJ's "decision to dismiss an appeal as untimely is a question of law,

---

[1] Because the 2014 amendment did not make any substantive changes to subdivision 7(d), we apply the amended statute to pending litigation. *See Braylock v. Jesson*, 819 N.W.2d 585, 588 (Minn. 2012).

5

which we review de novo." *Kennedy v. Am. Paper Recycling Corp.*, 714 N.W.2d 738, 739 (Minn. App. 2006).

The purpose of chapter 268 is to assist those who are unemployed through no fault of their own. Minn. Stat. § 268.03, subd. 1 (2012). The chapter is remedial in nature and must be applied in favor of awarding benefits, and any provision precluding receipt of benefits must be narrowly construed. Minn. Stat. § 268.031, subd. 2 (2012). But "[t]he commissioner may restrict the manner and format under which an appeal by electronic transmission may be filed." Minn. Stat. § 268.103, subd. 1(b) (2012). "A written statement delivered or mailed to the department that could reasonably be interpreted to mean that an involved applicant is in disagreement with a specific determination or decision is considered an appeal. No specific words need be used for the written statement to be considered an appeal." *Id.*, subd. 2(b) (2012). This provision "applies to electronically transmitted statements delivered through the department's website to the same extent it applies to physically transmitted statements mailed or delivered by hand." *Kangas v. Indus. Welders & Machinists, Inc.*, 814 N.W.2d 97, 100-01 (Minn. App. 2012).

Aubin argues that she entered information into DEED's online appeal system that was delivered to and received by DEED on September 20.[2] As evidence, Aubin cites DEED's record showing that Aubin updated her contact information on September 20. But the fact that DEED stores updated contact information, and presumably could

---

[2] In its brief, DEED presented additional information regarding its online appeal system that was not presented to the ULJ. We decline to consider DEED's extra-record evidence on appeal. *See* Minn. R. Civ. App. P. 110.01 ("The papers filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases."); Minn. R. Civ. App. P. 115.04, subd. 1 (explaining that rule 110.01 applies to certiorari appeals).

continue to store other information in its online appeal system, does not mean that DEED received Aubin's appeal. DEED only stores an applicant's appeal information until the end of the day on which it is provided, unless the applicant clicks "Submit Appeal." Because Aubin did not click "Submit Appeal," DEED could only access Aubin's appeal information on September 20. Aubin's appeal information was then erased, and DEED had no way to know that Aubin had intended to file an appeal. It would not be reasonable or practical to require DEED to check the system daily for incomplete appeals.

In addition, because Aubin did not deliver a written statement to DEED, DEED had no way to interpret Aubin's statement as a disagreement with its determination of ineligibility. *See* Minn. Stat. § 268.103, subd. 2(b). Aubin argues that the ULJ erred in concluding that she abandoned her appeal because "[n]one of relator's statements or conduct supports a finding that she intentionally or voluntarily gave up on her appeal." But the statute does not require DEED to determine whether an applicant "gave up on her appeal." Instead, the applicant is required to provide DEED with a written statement "that could reasonably be interpreted" as a disagreement with DEED's determination. *See* Minn. Stat. § 268.103, subd. 2(b). Aubin did not provide any written statement to DEED, and it was not reasonable for Aubin to believe that she had done so when her computer screen went blank. *See id.*

Aubin also argues that she provided all information requested by the Commissioner of Employment and Economic Development. "All information requested by the commissioner when an appeal is filed by electronic transmission must be supplied

7

or the communication does not constitute an appeal." Minn. Stat. § 268.103, subd. 1(c) (2012). By requiring applicants to click "Submit Appeal," the commissioner requires them to confirm that they intend to appeal and that their information is correct. Contrary to Aubin's suggestion, the statute does not require applicants to provide only all "substantive" information requested by the commissioner. *See id.* Because Aubin did not click "Submit Appeal," she did not provide all of the information requested by the commissioner and the information she did input into the online appeal system did not create an appeal. *See id.*

Finally, Aubin argues that the statutory language of Minn. Stat. § 268.103, subds. 1(b), 2(b), means that DEED can require applicants to appeal on DEED's online system, but cannot require them to click on the specific words "Submit Appeal." We disagree. Section 268.103, subdivision 2(b), applies to words in an applicant's written statement and precludes DEED from requiring "specific words" to construe the statement as an appeal. It does not limit DEED's authority to create an online appeal system and to require applicants to complete several steps before submitting their appeal.

Overall, Aubin could not reasonably believe that she filed an appeal on September 20 when her computer screen went blank and she failed to follow up on the status of her appeal until after the date her determination of ineligibility became final. Because Aubin did not file a timely appeal, the ULJ properly dismissed her appeal for lack of jurisdiction. *See Stassen*, 814 N.W.2d at 29.

8

**II.    DEED's online appeal system did not violate Aubin's due-process rights.**

The federal and state constitutions guarantee that "[n]o person shall . . . be deprived of life, liberty or property without due process of law."  U.S. Const. amend. V; Minn. Const. art I, § 7.  "Unemployment benefits are an entitlement protected by the constitutional right to procedural due process."  *Godbout v. Dep't of Emp't & Econ. Dev.*, 827 N.W.2d 799, 802 (Minn. App. 2013).  Aubin argues that the lack of notice about the appeal system's time-out feature and its requirement that she click "Submit Appeal" violated her due-process rights.  "When, as here, a due process challenge revolves around the adequacy of notice, we determine whether the notice was reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id.* (quotation omitted).

Aubin suggests that her situation is similar to *Schulte* and *Godbout*, two cases in which due-process denials required hearings on the merits after untimely appeals.  In *Schulte v. Transp. Unlimited, Inc.*, the relator received notice of a hearing requested by his employer challenging his eligibility for unemployment benefits.  354 N.W.2d 830, 831 (Minn. 1984).  Because the relator was reemployed before the hearing and was not informed of the potential consequences of a decision reversing his eligibility, he "saw no need to attend" the hearing.  *Id.* at 831-32.  The supreme court determined that the notice was "affirmatively misleading and result[ed] in a denial of due process."  *Id.* at 835.  In *Godbout*, the relator did not notify DEED of his new address after the period in which he received unemployment benefits expired and therefore did not receive DEED's later determination of overpayment by fraud.  827 N.W.2d at 800-01.  This court held that the

lack of notice about the consequences for failing to maintain a current address with DEED "resulted in a denial of due process" for relator because it "failed to communicate the interest at stake." *Id.* at 803-04 (quotation omitted).

Aubin argues that, as in *Schulte* and *Godbout*, "the lack of notice in this case violated [her] right to due process." We disagree. DEED provided Aubin notice that the determination of ineligibility would "become final unless an appeal [was] filed by Thursday, September 26, 2013." The notice explained that Aubin could appeal online, by mail, or by fax. The online option was "recommended" but not required. The notice also directed Aubin that an online appeal required "logging in to your account . . . and following the prompts." Finally, the notice directed Aubin to contact the unemployment insurance program if she had any questions, and provided the phone number.

It was not reasonable for Aubin to conclude that she had "follow[ed] the prompts" in the online appeal system and that a blank screen meant that she had filed an appeal. Aubin did not attempt to check the status of her online appeal, file an appeal by mail or fax, or speak to a department representative—all things that she could have done based on the notice DEED provided. Aubin provides no evidence for her assertion that DEED is required to provide specific notice regarding the number of screens in the online filing system, the meaning of "Continue," or the necessity of clicking "Submit Appeal" on the final screen. In addition, contrary to Aubin's assertion, ten cases since 2007 of applicants believing that they had filed an appeal when their computer screens went blank does not provide "plenty of notice" of a problem with DEED's online appeal system.

DEED's online appeal system did not violate Aubin's due-process rights.  Unlike *Schulte* and *Godbout*, DEED's online appeal system was not "affirmatively misleading," *see Schulte*, 354 N.W.2d at 835, and it adequately explained "the potential consequences" of failing to file a timely appeal, *see Godbout*, 827 N.W.2d at 803.

**Affirmed.**