*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-1806

Jonathan C. Barnett,
Relator,

vs.

Soligent Distribution LLC,
Respondent,
Department of Employment and Economic Development,
Respondent.

**Filed March 2, 2015**
**Affirmed**
**Reyes, Judge**

Department of Employment and Economic Development
File No. 32670519-3

Jonathan C. Barnett, St. Louis Park, Minnesota (pro se relator)

Soligent Distribution LLC, Rohnert Park, California (respondent employer)

Lee B. Nelson, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department)

Considered and decided by Reyes, Presiding Judge; Worke, Judge; and Johnson, Judge.

UNPUBLISHED OPINION

**REYES**, Judge

Relator challenges a final decision of an unemployment law judge (ULJ) affirming the earlier dismissal of relator's appeal as untimely. Relator argues that, under the circumstances, the time allowed to appeal is unreasonable. We affirm.

**FACTS**

Relator Jonathan Barnett ended his employment with Soligent Distribution, LLC, in September 2013 and began receiving unemployment benefits from the Minnesota Department of Employment and Economic Development (DEED). On July 2, 2014, DEED issued a determination of ineligibility, concluding that Barnett was ineligible for unemployment benefits from September 8, 2013 until October 5, 2013, because he received severance pay in the amount of $4,166.66. The determination was mailed to Barnett's home address and clearly stated that it would become final unless an appeal was filed by July 22, 2014. Barnett maintains that he was not aware of the determination because he was in Dallas, Texas, attending a 12-week training program for his new employer. Barnett was further delayed when his father passed away on July 21, requiring additional travel to Waseca, Minnesota, to be with his family. Barnett did not return home until July 30, at which time he became aware of the ineligibility determination.[1] Barnett filed an online appeal on August 1, 2014.

---

[1] In his informal brief submitted to this court, Barnett states that he returned to his home on August 4, 2014, and filed his appeal on August 7, 2014. These statements are inconsistent with the record, which indicates that the appeal was filed on August 1, 2014.

The ULJ dismissed Barnett's claim as untimely because it was not filed within the 20-day statutory time limit. *See* Minn. Stat. § 268.101, subd. 2(f) (2014). The ULJ affirmed his dismissal on reconsideration and this certiorari appeal followed.

## D E C I S I O N

When reviewing a ULJ's decision, this court may affirm, or remand for further proceedings; or it may reverse or modify the decision if the substantial rights of the relator have been prejudiced because the findings, inferences, conclusion, or decision are in violation of a constitutional provision, affected by an error of law, or unsupported by substantial evidence. Minn. Stat. § 268.105, subd. 7(d) (2014). "A determination of . . . ineligibility is final unless an appeal is filed by the applicant . . . within 20 calendar days after sending." Minn. Stat. § 268.101, subd. 2(f) (2014). This statutory time period is "absolute and unambiguous." *Semanko v. Dep't of Emp't Servs.*, 309 Minn. 425, 430, 244 N.W.2d 663, 666 (1976). "An untimely appeal from a determination must be dismissed for lack of jurisdiction." *Stassen v. Lone Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 29 (Minn. App. 2012). A ULJ's "decision to dismiss an appeal as untimely is a question of law, which we review de novo." *Kennedy v. Am. Paper Recycling Corp.*, 714 N.W.2d 738, 739 (Minn. App. 2006).

Barnett does not contest the fact that he failed to file his appeal within the 20-day deadline. Instead, he argues that the deadline was unreasonable because he was traveling during the month of July and spending time with his family after his father passed away.[2]

---

[2] Barnett also invites this court to consider the merits of DEED's determination of ineligibility. But the ULJ did not consider the merits, and this court may not do so on

3

The purpose of chapter 268 is to assist those who are unemployed through no fault of their own. Minn. Stat. § 268.03, subd. 1 (2014). The chapter is remedial in nature and must be applied in favor of awarding benefits, and any provision precluding receipt of benefits must be narrowly construed. Minn. Stat. § 268.031, subd. 2 (2014). However, this court has repeatedly held that appeal deadlines for unemployment benefits decisions are absolute and unforgiving and that mitigating circumstances do not create an exception to the statutory deadline. *See, e.g.*, *Rowe v. Dep't of Emp't & Econ. Dev.*, 704 N.W.2d 191, 196 (Minn. App. 2005) (stating that the statutory appeal period "is strictly construed against the relator").

The fact that Barnett was traveling when he received the ineligibility determination does not excuse him from the statutory deadline. Mitigating circumstances—even those as unfortunate as losing a family member—do not create an exception to the statutory deadline. *King v. Univ. of Minn.*, 387 N.W.2d 675, 677 (Minn. App. 1986) ("[S]tatutes designating the time for appeal from decisions of all levels of [DEED] should be strictly construed, regardless of mitigating circumstances."), *review denied* (Minn. Aug. 13, 1986). Furthermore, under Minnesota law, "[t]here is no equitable . . . denial or allowance of unemployment benefits." Minn. Stat. § 268.069, subd. 3 (2014). Accordingly, Barnett's appeal can only be considered untimely. While there may be unfortunate reasons explaining why Barnett was ten days late in filing his appeal, Minnesota law simply provides no room for exceptions to the 20-day appeal

appeal. *See Eley v. Southshore Invs., Inc.*, 845 N.W.2d 216, 222 (Minn. App. 2014) (citing *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988)).

deadline. *See Smith v. Masterson Pers., Inc.*, 483 N.W.2d 111, 112 (Minn. App. 1992) ("We have repeatedly held there are no extensions or exceptions to the . . . appeal period.").

**Affirmed**.