*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0459**

Helmut Scholz,
Relator,

vs.

Department of Employment and Economic Development,
Respondent.

**Filed October 13, 2015
Affirmed
Larkin, Judge**

Department of Employment and Economic Development
File No. 32814029-3

Helmut Scholz, Kansas City, Missouri (pro se relator)

Lee B. Nelson, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Relator challenges an unemployment-law judge's dismissal of his appeal of an ineligibility determination as untimely. We affirm.

**FACTS**

On August 18, 2014, respondent Minnesota Department of Employment and Economic Development (DEED) issued a determination of ineligibility concluding that relator Helmut Scholz had been overpaid unemployment benefits from September 8 to October 13, 2013, resulting in a total overpayment of $1,380. DEED informed Scholz that "[t]his determination will become final unless an appeal is filed by Monday, September 8, 2014."

On September 9, 2014, Scholz filed an appeal, arguing that there were discrepancies between the payments summarized in the ineligibility determination and the amounts deposited in his bank account. Scholz stated, "I suppose I missed the deadline to appeal by one day, but since it took [DEED] eight months to reply to my January 22, 2014 letter I believe my being one day late should not weigh too heavily."[1]

An unemployment-law judge (ULJ) dismissed Scholz's appeal as untimely. The ULJ reasoned that he had "no legal authority to hear and consider the appeal" because Scholz did not file within the legally required time period. Scholz requested reconsideration, acknowledging that he missed the appeal deadline by one day but arguing that the amount of his overpayment was "clearly inaccurate." The ULJ affirmed the dismissal.

This certiorari appeal follows.

---

[1] Scholz indicates that after receiving a 1099-G tax form from DEED and being unable to reconcile the payments that he had received with the information in the form, "[h]e wrote back to [DEED] asking for a detailed breakdown of the payments so as to enable him to reconcile the account." Scholz further indicates that "[t]his request remains unanswered to this date."

2

**D E C I S I O N**

This court may reverse or modify a ULJ's decision "if the substantial rights of the petitioner may have been prejudiced because the findings, inferences, conclusion, or decision" are "unsupported by substantial evidence in view of the entire record as submitted" or "affected by other error of law." 2015 Minn. Laws 1st Spec. Sess. ch. 1, art. 6, § 12, at 1693 (amending Minn. Stat. § 268.105, subd. 7(d) (2014)). "An agency decision of whether to dismiss an appeal as untimely is a question of law, which we review de novo." *Stassen v. Lone Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 29 (Minn. App. 2012).

"A determination of . . . ineligibility is final unless an appeal is filed by the applicant . . . within 20 calendar days after sending." Minn. Stat. § 268.101, subd. 2(f) (2014). "That 20-day deadline is absolute and unambiguous, and a ULJ must dismiss an untimely appeal from an eligibility determination for lack of jurisdiction." *Kangas v. Indus. Welders & Machinists, Inc.*, 814 N.W.2d 97, 100 (Minn. App. 2012) (quotation omitted). "[T]here are no provisions for extensions or exceptions." *Johnson v. Metro. Med. Ctr.*, 395 N.W.2d 380, 382 (Minn. App. 1986).

Scholz concedes that he did not comply with the deadline to appeal DEED's ineligibility determination. However, he contends that the ULJ's dismissal of his appeal as untimely is "rather unseemly" because DEED did not respond to his January 2014 request for information regarding his unemployment-benefits account.

Because Scholz filed his appeal one day after the statutory filing deadline, the ULJ properly dismissed Scholz's appeal as untimely. Although this result may seem harsh,

3

there are no exceptions to the 20-day deadline, and "[t]here is no equitable or common law denial or allowance of unemployment benefits." Minn. Stat. § 268.069, subd. 3 (2014).

Scholz asks this court to "order [DEED] to show a proper accounting of the payments in order to establish the correct amount of overpayment." He "acknowledges the possibility of an overpayment" but argues that "the amount claimed as the alleged overpayment is clearly incorrect." Because Scholz did not file a timely appeal of DEED's determination that he was overpaid $1,380, the determination is final. *See* Minn. Stat. § 268.101, subd. 2(f). The only decision that is before this court for review is the dismissal of Scholz's appeal of DEED's ineligibility determination as untimely. Because Scholz filed his appeal after the 20-day filing deadline, that decision was not erroneous.

**Affirmed.**