Kenneth PETRACEK, Relator,

v.

UNIVERSITY OF MINNESOTA,
Respondent,

Department of Employment and
Economic Development,
Respondent.

No. A09–1475.

Court of Appeals of Minnesota.

April 13, 2010.

Kenneth J. Petracek, Minneapolis, MN, pro se relator.

University of Minnesota, c/o ADP–UCM (The Frick Co.), St. Louis, MO, respondent.

Lee B. Nelson, Amy R. Lawler, St. Paul, MN, for respondent Department of Employment and Economic Development.

Considered and decided by TOUSSAINT, Chief Judge; KLAPHAKE, Judge; and COLLINS, Judge.*

## OPINION

KLAPHAKE, Judge.

Relator Kenneth J. Petracek challenges a decision by the unemployment law judge (ULJ) on reconsideration (1) holding that being in jail did not provide relator with good cause for failing to participate in an evidentiary hearing on his ineligibility determination appeal; and (2) affirming the dismissal of his appeal. We affirm.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by

## FACTS

Relator was discharged from employment, and he applied for unemployment benefits and established a benefit account. The Minnesota Department of Employment and Economic Development (DEED) determined that relator was ineligible for benefits because he had been discharged for misconduct. Relator appealed, and DEED notified him of the date and time of the telephonic evidentiary hearing.

The ULJ called relator on the telephone for the hearing, as scheduled, but found that relator's number had been disconnected. The ULJ nonetheless held the hearing open for an additional 15 minutes in case relator called DEED to participate. The ULJ then dismissed the appeal, ruling that by failing to participate in the hearing, relator failed to exhaust his available administrative remedies. The ULJ also ruled that the dismissal decision would stand unless relator requested reconsideration and established good cause for failing to participate.

Relator requested reconsideration, explaining that he had missed the hearing because he had been in jail. The ULJ ruled that without further explanation, this did not constitute good cause for missing the hearing and affirmed the dismissal on reconsideration. Relator then brought this certiorari appeal.

## ISSUE

■ Does a relator who did not participate in an evidentiary hearing scheduled for his appeal from an ineligibility determination demonstrate good cause for missing the hearing under Minn.Stat. § 268.105, subd. 2(d) (2008) by merely reciting the fact that he was in jail at the time of the hearing?

appointment pursuant to Minn. Const. art. VI, § 10.

## ANALYSIS

■ This court will not reverse a ULJ's decision to deny an additional evidentiary hearing to a relator who missed the evidentiary hearing unless the decision constitutes an abuse of discretion. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 345 (Minn.App.2006). This court will review legal questions regarding statutory interpretation de novo. *Harms v. Oak Meadows*, 619 N.W.2d 201, 202 (Minn.2000).

After DEED issues a determination of eligibility or ineligibility, an applicant or notified employer may file a notice of appeal. Minn.Stat. § 268.101, subd. 2(f) (2008). DEED will then notify the involved parties of the appeal and the time of the evidentiary hearing. *Id.*, § 268.105, subd. 1(a) (2008). If the appealing party fails to participate in the hearing, the ULJ "has the discretion to dismiss the appeal by summary order," based on the failure of the appealing party to exhaust available administrative remedies, unless the appealing party requests reconsideration and establishes good cause for failing to participate. Minn.Stat. § 268.105, subd. 1(d) (2008). Good cause for failing to participate is defined as "a reason that would have prevented a reasonable person acting with due diligence from participating at the evidentiary hearing." *Id.*, subd. 2(d) (2008). If good cause is shown, the ULJ shall set the earlier findings and decision aside and order that an additional evidentiary hearing be conducted. *Id.*

Here, relator cites his after-the-fact assertion to the ULJ that he was in jail, without further explanation, to show that he had good cause to miss the evidentiary hearing. As to the ULJ's determination that this was insufficient to show good cause, relator explains that he also submitted his booking number so that the ULJ could verify that he had been in jail that day. But the fact that relator was in jail at the time of the hearing is not in dispute; instead, the issue is whether this fact alone provided good cause for his failure to participate in the hearing.

This court has deferred to the ULJ's decision that a work-schedule conflict was not "good cause" for an applicant to fail to participate in a hearing, when the applicant had neither taken advantage of DEED's offer to reschedule the hearing nor shown that her current employer had denied a request for time off so that she could participate in the telephonic hearing as scheduled. *Skarhus*, 721 N.W.2d at 345. As in *Skarhus*, relator made no showing that he or someone on his behalf tried to reschedule the hearing or otherwise advised DEED that he would be unable to appear. We must therefore address whether being jailed was per se good cause for relator to miss the evidentiary hearing.

Although the appellate courts have not addressed whether being jailed, without more, can constitute good cause for missing an evidentiary hearing, the consequences of being jailed have been addressed in other contexts in the unemployment benefits area. *See, e.g., Jenkins v. Am. Express Fin. Corp.*, 721 N.W.2d 286, 291 (Minn.2006) (addressing whether employee's failure to report to work because she was incarcerated constituted misconduct under the circumstances). In *Jenkins*, the court addressed whether, under the relevant portion of the statutory definition, the employer's expectation for the employee was reasonable under the circumstances. *Id.* at 290 (citing Minn.Stat. § 268.095, subd. 6(a)(1) (Supp. 2003)). Briefly, although the employer told the employee that she could continue working while she served a sentence under a work-release program, the employer failed to verify the applicant's employment as re-

quired for the employee to participate in the work-release program, and she was therefore unable to report to work; the supreme court held that it was unreasonable for the employer to expect the employee to report to work under those circumstances. *Id.* at 291.

Further, in addressing whether an applicant could show good cause for failing to accept suitable work, the supreme court explained that, depending on the facts of a particular case, an applicant could show good cause if the detention was illegal or if the applicant was released from incarceration without prosecution or a final determination of innocence. *Grushus v. Minn. Mining & Mfg. Co.*, 257 Minn. 171, 176, 100 N.W.2d 516, 520 (1960) (providing for applicant's disqualification for benefits "[i]f the commissioner finds that he has failed, without good cause to accept suitable work when offered to him").

But when an applicant does not report to work due to incarceration and does not contact the employer until after missing work, it is likely that this will constitute misconduct. *Jenkins,* 721 N.W.2d at 291; *see Am. Indian Chem. Dependency Diversion Project,* 343 N.W.2d 43, 45 (Minn. App.1984) (holding that when an employee simply failed to report to work due to incarceration, the employee committed employment misconduct). Similarly, when an applicant was unable to accept suitable work because he was incarcerated after a guilty plea, it "cannot reasonably be said that this was a 'good cause' for failure to accept work," because it "can be attributed only to the employee's 'fault.'" *Grushus,* 257 Minn. at 176, 100 N.W.2d at 520.

The above-cited cases demonstrate that, depending on the circumstances of the case, incarceration may result in employment misconduct based on absence from work, or may provide good cause for not accepting suitable work. *See Jenkins,* 721 N.W.2d at 291; *Grushus,* 257 Minn. at 176, 100 N.W.2d at 520. Likewise here, it is undisputed that relator was unavailable to participate in the evidentiary hearing due to being jailed, but that fact alone did not establish that he had *good cause* for failing to participate in the evidentiary hearing. Relator also had to give the ULJ an explanation that would show why the circumstance of his being jailed was "a reason that would have prevented a reasonable person acting with due diligence from participating at the evidentiary hearing." Minn.Stat. § 268.105, subd. 2(d). Because relator did not make that showing, we defer to the ULJ's decision that relator did not have good cause to miss the evidentiary hearing. Consequently, we affirm the ULJ's decision to dismiss relator's appeal on reconsideration of its ineligibility determination.

### DECISION

We affirm the decision by the ULJ that relator did not have good cause to miss the evidentiary hearing and uphold the dismissal of the proceedings.

**Affirmed.**