Patrick **KELLY**, Relator,

v.

**AMBASSADOR PRESS,
INC.**, Respondent,

**Department of Employment and
Economic Development,
Respondent.**

**No. A10–517.**

Court of Appeals of Minnesota.

Dec. 21, 2010.

Patrick H. Kelly, Minneapolis, MN, pro se relator.

Daniel R. Wachtler, Briggs and Morgan, Minneapolis, MN, for respondent, Ambassador Press, Inc.

Lee B. Nelson, Minnesota Department of Employment and Economic Development, St. Paul, MN, for respondent Department of Employment and Economic Development.

Considered and decided by HALBROOKS, Presiding Judge; KLAPHAKE, Judge; and CONNOLLY, Judge.

**OPINION**

HALBROOKS, Judge.

Relator Patrick H. Kelly challenges the unemployment-law judge's (ULJ) denial of his request for an additional evidentiary hearing. Because respondent Minnesota

Department of Employment and Economic Development (DEED) did not comply with the statutory notice requirement, we conclude that relator had good cause for failing to participate in the hearing. We therefore reverse and remand for an evidentiary hearing.

## FACTS

Relator worked for respondent Ambassador Press, Inc., a printing company, from October 2006 until November 12, 2009. In September 2009, relator failed to discover a defect in calendars that were being assembled and received a warning. On November 11, 2009, relator again failed to discover a defect in calendars. Ambassador Press discharged relator on November 12, 2009.

Relator applied for unemployment benefits. On December 7, 2009, he was determined to be eligible because his "unsatisfactory work performance was not intentional or caused by negligence or indifference." The determination of eligibility stated that the decision would become final unless an appeal was filed by Monday, December 28, 2009. In a fax dated December 17, 2009, Ambassador Press appealed the eligibility determination, stating that it "believe[d] that [relator]'s work performance was negligen[t]." A notice of appeal dated December 22, 2009, was sent by DEED to relator informing him that there would be a telephone hearing on December 31, 2009.

The ULJ telephoned relator at the scheduled hearing time on December 31, 2009, but could not reach him. The hearing went forward without relator's participation, and the ULJ subsequently issued a decision dated January 4, 2010. The ULJ determined that relator was ineligible for unemployment benefits because his "lack of performance, if not intentional, was clearly negligent." On January 19,

relator requested reconsideration and a new hearing, stating that he "was unaware that the employer had appealed the initial Determination of Eligibility or that a hearing had been scheduled for December 31, 2009, until [his] return [from Toronto] on January 4, 2010."

The ULJ denied relator's request for reconsideration and a new hearing. The ULJ stated that being out of the country "is no excuse.... [Relator] is responsible for being aware of all eligibility issues affecting his account." This appeal follows.

## ISSUE

Is relator entitled to an additional evidentiary hearing?

## ANALYSIS

■ If an applicant fails to participate in an evidentiary hearing, the ULJ must hold an additional evidentiary hearing if the applicant demonstrates good cause for failing to participate. Minn.Stat. § 268.105, subd. 2(d) (Supp.2009). "Good cause" is defined as "a reason that would have prevented a reasonable person acting with due diligence from participating at the evidentiary hearing." *Id.* Here, the ULJ determined that relator did not demonstrate good cause for failing to participate in the telephone hearing. This court will not reverse a ULJ's decision to deny an additional evidentiary hearing unless the decision constitutes an abuse of discretion. *Skarhus v. Davanni's Inc.,* 721 N.W.2d 340, 345 (Minn.App.2006). An error of law can constitute an abuse of discretion. *Whitaker v. 3M Co.,* 764 N.W.2d 631, 636 (Minn.App.2009), *review denied* (Minn. July 22, 2009).

■ Relator claimed that he had no knowledge of the hearing because he left town for the holidays on December 22,

2009. The ULJ found that being out of town was "no excuse" and that if relator "was able to request benefits, he surely was able to inquire or check the status of his account."

If the fact that relator was out of town during the hearing was the only factor to consider, the ULJ likely was within her discretion to deny an additional evidentiary hearing. *See, e.g., Petracek v. Univ. of Minn.*, 780 N.W.2d 927, 930 (Minn.App. 2010) (holding that being incarcerated, without an explanation as to why the circumstance of being jailed was "a reason that would have prevented a reasonable person acting with due diligence from participating at the evidentiary hearing," did not constitute good cause for failing to participate in a telephone hearing (quotation omitted)). Relator made no attempt to explain why being in a different city or country would have prevented a reasonable person acting with due diligence from participating in a telephone hearing.

But relator also asserted that he had no notice of the hearing when he left town on December 22, 2009. And the record establishes that DEED did not comply with the statutory time period for giving relator notice of the hearing. Minn.Stat. § 268.105, subd. 1(a), provides that "[t]he department must set a time and place for a de novo due process evidentiary hearing and send notice to any involved applicant and any involved employer, by mail or electronic transmission, not less than ten calendar days before the date of the hearing." The date of the hearing was December 31, 2009. Under the statute, DEED was required to send notice of the hearing to relator no later than December 21. The notice of appeal is dated December 22, 2009—one day after it should have been mailed or sent electronically.

Because DEED did not send relator notice at least ten calendar days before the hearing and because relator asserts that he had no actual notice of the scheduled telephone hearing, we conclude that relator had good cause for not participating in the hearing. The ULJ erred as a matter of law by failing to recognize that insufficient notice under Minn.Stat. § 268.105, subd. 1(a), can constitute good cause for failing to participate in a hearing. Therefore, the ULJ abused her discretion by denying relator an additional evidentiary hearing.

While relator raises other arguments on appeal, our decision to remand for an additional evidentiary hearing renders his additional arguments moot.

## DECISION

Relator is entitled to an additional evidentiary hearing based on DEED's failure to comply with the statutory notice requirement.

**Reversed and remanded.**