Cristina **ELEY,** Relator,

v.

**SOUTHSHORE INVESTMENTS, INC., Respondent,**

**Department of Employment and Economic Development, Respondent.**

**No. A13–1525.**

Court of Appeals of Minnesota.

April 7, 2014.

Cristina Eley, Maple Lake, MN, pro se relator.

Southshore Investments, Inc., Excelsior, MN, for respondent.

Lee B. Nelson, Minnesota Department of Employment and Economic Development, St. Paul, MN, for respondent department.

Considered and decided by LARKIN, Presiding Judge; WORKE, Judge; and KIRK, Judge.

## OPINION

LARKIN, Judge.

Relator challenges an unemployment-law judge's (ULJ) refusal to grant an additional evidentiary hearing after she failed to participate in a de novo evidentiary hearing regarding the Minnesota Department of Employment and Economic Development's (DEED) determination that she is ineligible for unemployment benefits. Relator argues that she mistakenly believed that the hearing date was one day later than it actually was and provides a detailed explanation regarding why she was mistaken. We conclude that the ULJ did not abuse her discretion by determin-

ing that relator did not establish good cause for failing to participate in the evidentiary hearing and that an additional evidentiary hearing is not required. We therefore affirm.

## FACTS

Relator Cristina Eley established an unemployment-benefits account with DEED in February 2012. On May 1, 2013, DEED issued a determination of ineligibility. On May 20, Eley appealed the ineligibility determination. A hearing was scheduled for June 3. On May 21, DEED mailed a notice to Eley at her "address of record"[1] informing her that a ULJ would hold a telephonic evidentiary hearing at 2:15 p.m. on June 3. At the time of the scheduled hearing on June 3, the ULJ was unable to reach Eley by telephone, despite calling her three times and leaving her two voicemail messages. The ULJ dismissed Eley's appeal because she failed to participate in the hearing.

Eley requested reconsideration, asserting that she erroneously "believed [her] hearing was scheduled for June 4th at 2:15pm" and, as a result, "had scheduled a work related appointment for [M]onday[,] June 3rd that took place during the scheduled hearing." The ULJ concluded that Eley had not shown good cause for missing the hearing, finding Eley's proffered reasons unpersuasive partly "because Eley was sent notice of the date and time of the scheduled hearing prior to the date of the hearing [and] knew or should have known when the hearing was scheduled to take place." The ULJ also noted that the hearing date was available to Eley on her online unemployment-benefits account. The ULJ determined that the dismissal order was factually and legally correct and

that an additional evidentiary hearing is not required. This certiorari appeal follows.

## ISSUE

Did the ULJ abuse her discretion by refusing to grant an additional evidentiary hearing?

## ANALYSIS

■ This certiorari appeal stems from Eley's failure to participate in an evidentiary hearing that was scheduled following her appeal of a determination of ineligibility. When an appealing party fails to participate in an evidentiary hearing,

> the unemployment law judge has the discretion to dismiss the appeal by summary order. By failing to participate, the appealing party is considered to have failed to exhaust available administrative remedies unless the appealing party files a request for reconsideration . . . and establishes good cause for failing to participate in the evidentiary hearing. . . .

Minn.Stat. § 268.105, subd. 1(d) (2012). The ULJ must order a new evidentiary hearing if the party who failed to participate establishes "good cause" for the failure. *Id.,* subd. 2(d) (2012). Good cause is defined as "a reason that would have prevented a reasonable person acting with due diligence from participating at the evidentiary hearing." *Id.* "A reviewing court accords deference to a ULJ's decision not to hold an additional hearing and will reverse that decision only for an abuse of discretion." *Skarhus v. Davanni's Inc.,* 721 N.W.2d 340, 345 (Minn.App.2006).

1. The ULJ alternatively describes the address as Eley's "address on file with the Unemployment Insurance Program." Eley does not dispute that DEED used the address that she provided.

*Good Cause for Failing to Participate*

We first consider whether the ULJ erred by determining that Eley did not establish good cause for failing to participate in the hearing. When a timely appeal of a DEED determination is filed, DEED "must set a time and place for a de novo due process evidentiary hearing and send notice to any involved applicant and any involved employer, by mail or electronic transmission, not less than ten calendar days before the date of the hearing." Minn.Stat. § 268.105, subd. 1(a) (2012). The ten-day time computation is determined under Minn.Stat. § 645.151 (2012). Minn.Stat. § 268.033 (2012). Section 645.151 states that when a prescribed date falls on a Saturday, Sunday, or legal holiday, the deadline is extended to the next succeeding day which is not a Saturday, Sunday, or legal holiday. Minn.Stat. § 645.151.

In this case, the evidentiary hearing before the ULJ was scheduled for June 3. DEED was statutorily required to send notice of the hearing to Eley by May 24. *See id.* DEED mailed notification of the hearing date to Eley at her address of record on May 21. Thus, DEED provided Eley sufficient notice of the evidentiary hearing as required by statute. *Cf. Kelly v. Ambassador Press, Inc.,* 792 N.W.2d 103, 103 (Minn.App.2010) ("Insufficient notice of an appeal hearing under Minn.Stat. § 268.105, subd. 1(a) (Supp.2009), may constitute good cause for an applicant's failure to participate in the evidentiary hearing."). In addition, the hearing date was available to Eley on her online unemployment-benefits account.

Eley contends that she missed the hearing because she "confused the date of the appeal hearing." Essentially, Eley argues that she mistakenly thought the hearing was on June 4 and that she was unable to confirm the date. Eley also argues that she did not provide the ULJ more specific information regarding her reasons for missing the hearing because "there wasn't enough space allotted in the explanation part of the webpage and because [she] was following the instructions of the appeals office workers." But Eley's brief to this court extensively explains her reasons for failing to participate in the hearing. For example, Eley explains that (1) she tried to print out all of the necessary appeal documents but for some unknown reason, "the appeal-hearing schedule did not print off with everything else"; (2) she did not notice that the appeal-hearing schedule did not print until the day after the scheduled hearing; (3) her mail was being delivered to her parents' home, even though she did not reside there (although it was her address of record with DEED); (4) she had been residing in different locations, which made the receipt of important mail very difficult; (5) DEED sends so many notifications and mailings that some were "lost among the mailings that piled up"; (6) her mail keeps getting "scattered" because her parents reside at different locations; (7) her name is similar to her mother's name, and her father sometimes accidentally gives her mail to her mother; (8) because she uses her parents' address as her permanent address, all of her mail "does not stay stationary in one place," making timely receipt of her mail difficult; (9) she does not have Internet service readily available to her; (10) it costs her a great deal of money to commute to a location to access Internet service; (11) she normally has to make a purchase to use Internet service; (12) she does not have a printer or copier for all of the paperwork that is required, which "has been extremely burdensome of [her] time and expenses"; (13) DEED's website is only active from 6:00 a.m. or 7:00 a.m. until 6:00 p.m., which conflicts with her work schedule and commuting

times, so there is no time to log onto the website to check her account; (14) the language pertaining to this court's appellate process is "so saturated with legal jargon" that it is difficult for average applicants to understand, which makes it difficult to be timely in submissions; [2] and (15) "all departments, offices and courthouses pertaining to these[ ] matters are open only during the weekdays and close their offices as of 5:00 p.m. or earlier and do not open and begin answering their phones before 8:00 a.m.," which makes it difficult when an applicant needs clarification from a clerk on how to proceed.

None of Eley's explanations constitutes "a reason that would have prevented a reasonable person acting with *due diligence* from participating at the evidentiary hearing." Minn.Stat. § 268.105, subd. 2(d) (emphasis added). Eley does not dispute that DEED timely sent written notice of the scheduled hearing date by mail to her at her address of record or that the scheduled hearing date was available to her on her online unemployment-benefits account. And Eley does not dispute that she was able to access Internet services and a printer, despite the associated costs and inconveniences. A reasonable person acting with due diligence would have reviewed the printed documents regarding her appeal of DEED's ineligibility determination to ensure that she had written confirmation of the hearing date. If the hearing notice was not included in the printed documents, a reasonable person acting with due diligence would have logged back into the system to confirm the hearing date or would have contacted DEED by telephone to confirm the date. Alternatively, a reasonable person acting with due diligence would have monitored the receipt of her U.S. mail at the address

she provided DEED while her appeal of DEED's ineligibility determination was pending. Thus, Eley's inability to provide the ULJ with her detailed explanation regarding her failure to participate does not provide a basis for reversal. *See Midway Ctr. Assocs. v. Midway Ctr., Inc.,* 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975) (stating that to prevail on appeal, an appellant must show both error and prejudice resulting from the error).

In sum, the ULJ did not abuse her discretion by concluding that Eley did not establish good cause for missing the hearing and that an additional hearing is not required where DEED timely sent notice of the hearing date by mail to Eley at her address of record and the hearing date was available to Eley on her online unemployment-benefits account.

*Inability to Present Evidence Regarding Ineligibility Determination*

We next address Eley's arguments that reversal is appropriate because she has not been allowed to present evidence regarding DEED's determination that she is ineligible for unemployment benefits and that this court should determine her eligibility on appeal. Relator states that she "would prefer not to argue for another appeal hearing unless it [is] to be my only recourse." Instead, she hopes that the judges of this court will "find the information [that she has] provided here, enough to substantiate that an error has been made within the original informational findings and finally, in [DEED's] determination of ineligibility."

DEED is statutorily required to make a determination regarding an applicant's eligibility for unemployment benefits as follows:

---

**2.** Eley does not explain why any confusion regarding the procedures governing an appeal to this court prevented her from appearing at the scheduled hearing before the ULJ.

The commissioner must determine any issue of ineligibility raised by information required from an applicant ... and send to the applicant and any involved employer, by mail or electronic transmission, a document titled a determination of eligibility or a determination of ineligibility, as is appropriate.

Minn.Stat. § 268.101, subd. 2(a) (2012). DEED's determination is appealable. *See* Minn.Stat. § 268.035, subd. 12c (2012) ("All documents that are determinations under this chapter use that term in the title of the document and are appealable to an unemployment law judge under section 268.105, subdivision 1."). "A determination of eligibility or determination of ineligibility is final unless an appeal is filed by the applicant or notified employer within 20 calendar days after sending." Minn. Stat. § 268.101, subd. 2(f) (2012).

If a timely appeal of a determination is filed, "a de novo due process evidentiary hearing will be scheduled." Minn.Stat. § 268.105, subd. 1(a). The evidentiary hearing must be conducted and a decision made as follows:

The evidentiary hearing is conducted by an unemployment law judge as an evidence gathering inquiry. At the beginning of the hearing the unemployment law judge must fully explain ... that the applicant has the right to request that the hearing be rescheduled so that documents or witnesses can be subpoenaed [and] that the facts will be determined based on a preponderance of the evidence.... The unemployment law judge must ensure that all relevant facts are clearly and fully developed....

... After the conclusion of the hearing, upon the evidence obtained, the unemployment law judge must make findings of fact and decision.... When the credibility of an involved party or witness testifying in an evidentiary hearing

has a significant effect on the outcome of a decision, the unemployment law judge must set out the reason for crediting or discrediting that testimony.

*Id.*, subd. 1(b), (c) (2012).

After the ULJ makes a decision, the applicant may request reconsideration of the decision: "Any involved applicant, involved employer, or the commissioner may, within 20 calendar days of the sending of the unemployment law judge's decision under subdivision 1, file a request for reconsideration asking the unemployment law judge to reconsider that decision." *Id.*, subd. 2(a) (2012). Then, an applicant can ask this court to review the ULJ's decision. *See id.*, subd. 7(a) (2012) ("The Minnesota Court of Appeals must, by writ of certiorari to the department, review the unemployment law judge's decision....").

█ Eley exercised her right to obtain a de novo evidentiary hearing before a ULJ regarding DEED's determination that she is ineligible for unemployment benefits. An evidentiary hearing was scheduled, and DEED sent Eley notice of the hearing as required by statute. At the hearing, Eley would have had the opportunity to present evidence in support of her claim that she is eligible for unemployment benefits. But Eley failed to participate in the hearing. As a result, instead of issuing findings of fact and a de novo decision regarding whether Eley is eligible for unemployment benefits, the ULJ issued a decision summarily dismissing her appeal. That decision was authorized under section 268.105, subdivision 1(d), and the ULJ did not err by later concluding that Eley did not establish good cause for failing to participate in the hearing and that an additional evidentiary hearing is not required. Thus, Eley's inability to present evidence regarding her eligibility claim is the result of her own failure to participate in the scheduled evidentiary hearing. It is not the result of

an error that provides a basis for this court to reverse. *See id.,* subd. 7(d) (setting forth grounds for this court to reverse a ULJ's decision).

■ Moreover, because of the procedural posture of this case, the only decision that is before this court for review is the ULJ's decision affirming the summary dismissal of Eley's appeal of DEED's determination of ineligibility. The ULJ did not consider the merits of DEED's determination of ineligibility when dismissing Eley's administrative appeal. We therefore do not consider the merits of DEED's ineligibility determination in this judicial appeal. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (stating that generally an appellate court will not consider matters not argued and considered below); *see also Hentges v. Minn. Board of Water & Soil Res.,* 638 N.W.2d 441, 448 (Minn.App.2002) (applying *Thiele* in an administrative appeal), *review denied* (Minn. Mar. 27, 2002).

We appreciate that Eley is not represented by legal counsel and that she may have found the process to determine eligibility difficult or time consuming. But the statutes governing administrative appeals of eligibility determinations apply to every applicant. And although chapter 268 must be applied in favor of awarding benefits, "[t]here is no equitable or common law denial or allowance of unemployment benefits." Minn.Stat. §§ 268.031, subd. 2, .069, subd. 3 (2012). Eley exercised her right to schedule an evidentiary hearing before a ULJ, at which she could have presented evidence and obtained a new determination, based on a complete evidentiary record, of whether she is eligible for unemployment benefits. *See* Minn.Stat. § 268.105, subd. 1(b). Because Eley failed to participate in the scheduled evidentiary hearing without good cause, she has foregone her opportunity to obtain administra-

tive and judicial review of DEED's determination of ineligibility.

## DECISION

Eley's contention that she was mistaken regarding the hearing date and therefore has established good cause for failing to participate in the hearing is unavailing where DEED timely sent notice of the hearing date by mail to Eley at her address of record and the hearing date was available on Eley's online unemployment-benefits account. The ULJ therefore did not abuse her discretion by concluding that an additional evidentiary hearing is not required.

**Affirmed.**