**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1487**

Patrick Hammer Fay,
Relator,

vs.

Department of Employment and Economic Development,
Respondent.

**Filed March 2, 2015
Affirmed
Cleary, Chief Judge**

Department of Employment and Economic Development
File No. 32669919-3

Patrick Hammer Fay, Woodbury, Minnesota (pro se relator)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent)

Considered and decided by Cleary, Chief Judge; Bjorkman, Judge; and Reyes, Judge.

**S Y L L A B U S**

"Good cause" for failing to participate in reemployment assistance services under Minn. Stat. § 268.085, subd. 1(7) (2014), is defined as a reason that would have prevented a reasonable person acting with due diligence from participating in those services.

# OPINION

**CLEARY**, Chief Judge

Relator Patrick Fay was eligible for unemployment benefits but missed a reemployment assistance services meeting. Respondent Minnesota Department of Employment and Economic Development (DEED) determined that relator was ineligible for unemployment benefits for the week that he missed the meeting because he failed, without good cause, to attend. Relator filed an online appeal and an unemployment law judge (ULJ) conducted an evidentiary hearing. The ULJ found that relator did not have good cause for missing the meeting and was ineligible for unemployment benefits for the relevant week. Relator requested a rehearing and the ULJ affirmed. Relator appealed to this court under Minn. Stat. § 268.105, subd. 7(a) (2014).

## FACTS

Relator applied for unemployment benefits and established a benefit account with DEED. DEED determined that relator needed reemployment assistance services and mailed relator a notice that indicated he had an appointment. The notice provided in bold and underlined typeface that: "Failure to attend will result in a delay or denial of your unemployment benefits." Relator missed the scheduled reemployment assistance services meeting. Relator testified that he "put [the meeting] in [his] schedule and . . . simply missed it." Relator also said that the meeting was easy to attend because he lived 500 feet from the building. The ULJ asked relator if he had any other facts to provide regarding the missed meeting and he responded that he did not. Relator attended a subsequent reemployment assistance services meeting.

2

**ISSUES**

Did relator have good cause under Minn. Stat. § 268.085, subd. 1(7) for missing a reemployment assistance services meeting so that he is eligible for unemployment benefits?

**ANALYSIS**

**I.**

The ULJ held an evidentiary hearing and determined that relator did not have good cause for missing a required reemployment assistance services meeting and was ineligible for unemployment benefits for the relevant week. Relator argues that he should receive unemployment benefits for the week that he missed a required meeting because he was distracted by other priorities and forgot about the meeting. DEED responds that relator did not have good cause for missing the meeting as is required under Minn. Stat. § 268.085, subd. 1(7). This case presents an issue of first impression because "good cause" is not defined under Minn. Stat. § 268.085, subd. 1(7), and has never been addressed by this court. In order to interpret good cause, we will first determine whether the statutory language is ambiguous and, if so, use the canons of statutory construction. Then we will apply the definition of good cause to the facts of this case.

**A.**

The ULJ found that relator did not have good cause for missing the reemployment assistance services meeting under Minn. Stat. § 268.085, subd. 1(7). "We review de novo a ULJ's determination that an applicant is ineligible for unemployment benefits. And we review findings of fact in the light most favorable to the ULJ's decision and will rely on

findings that are substantially supported by the record." *Stassen v. Lone Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 30-31 (Minn. App. 2012) (citations omitted). There is no equitable denial or allowance of benefits. Minn. Stat. § 268.069, subd. 3 (2014). Minn. Stat. § 268.085, subd. 1 (2014) lists eligibility requirements for unemployment benefits. The eligibility statute provides that an applicant may be eligible for unemployment benefits if: "the applicant has been participating in reemployment assistance services, such as job search and resume writing classes, if the applicant has been determined in need of reemployment assistance services by the commissioner, unless the applicant has *good cause* for failing to participate." Minn. Stat. § 268.085, subd. 1(7) (emphasis added).

Good cause for failing to participate is undefined in subdivision 1(7). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn. Stat. § 645.16 (2014). A statute is ambiguous if its language is subject to more than one reasonable interpretation. *State v. Mauer*, 741 N.W.2d 107, 111 (Minn. 2007). Good cause for failing to participate in the reemployment assistance services meeting is ambiguous because it is susceptible to a spectrum of reasonable interpretations. For example, good cause could be a medical emergency, family emergency, or vehicle malfunction. Each of these scenarios could involve facts that make an applicant more or less responsible for missing the meeting, depending on the efforts that the applicant makes to attend or reschedule.

4

When a statutory provision is ambiguous, this court can turn to the canons of statutory construction to ascertain a statute's meaning. *State v. Leathers*, 799 N.W.2d 606, 611 (Minn. 2011). In this case, the doctrine of in pari materia could be particularly helpful. The doctrine is "a tool of statutory interpretation that allows two statutes with common purposes and subject matter to be construed together to determine the meaning of ambiguous statutory language." *Id.* (quotation omitted). Under the doctrine of in pari materia, the definition of good cause from Minn. Stat. § 268.105, subd. 2(d) (2014) could help define good cause in Minn. Stat. § 268.085, subd. 1(7). *See McNeice v. City of Minneapolis*, 250 Minn. 142, 146-47, 84 N.W.2d 232, 236 (1957) (applying the definition of gambling devices in section 325.53 to gambling devices in sections 614.06 and 614.07).

Minn. Stat. § 268.105 (2014) describes the process for appeals of a ULJ decision. If an applicant fails to participate in a hearing before a ULJ, the applicant can make a request for reconsideration and receive an additional hearing "if the party who failed to participate had *good cause* for failing to do so." Minn. Stat. § 268.105, subd. 2(d) (emphasis added). In that paragraph, "good cause" is defined as "a reason that would have prevented a reasonable person acting with due diligence from participating in the hearing." *Id.*

Similarly, Minn. Stat. § 268.085, subd. 1(7) provides that an applicant may continue to receive benefits despite missing a required reemployment assistance services meeting by showing good cause for missing the meeting. The common purpose of these sections is requiring an applicant to show good cause for missing a hearing or meeting.

5

In the case of section 268.085, the applicant has to show good cause to be eligible for unemployment benefits, whereas in the case of section 268.105, the applicant has to show good cause to obtain an additional hearing. In more general terms, the purpose of chapter 268 is to provide workers who are unemployed through no fault of their own with a temporary partial wage to help the unemployed worker become reemployed. Minn. Stat. § 268.03, subd. 1 (2014). Sections 268.105 and 268.085 further this purpose by permitting applicants to receive an additional hearing or benefits even though the applicant missed a required meeting.

In addition to the definition of good cause in section 268.105, good cause is defined three other times in chapter 268.[1] But these definitions of good cause do not share a common purpose with Minn. Stat. § 268.085, subd. 1(7). First, good cause is defined in Minn. Stat. § 268.085, subd. 13c (2014). When an applicant refuses to accept or apply for suitable employment, that applicant must have good cause for the refusal or the applicant loses eligibility for eight weeks. Minn. Stat. § 268.085, subd. 13c(a). Subdivision 13c defines good cause for refusing suitable employment as "a reason that would cause a reasonable individual who wants suitable employment to fail to apply for, accept, or avoid suitable employment." *Id.*, subd. 13c(b). Subdivision 13c(b) also lists several specific situations that constitute good cause. Where subdivision 13c deals with an applicant having to justify a refusal to accept (or apply for) suitable employment,

---

[1] Good cause is undefined in two other sections of chapter 268. *See* Minn. Stat. §§ 268.044, subd. 2(c) (requiring employers who fail to submit reports on time to show good cause to avoid late fees), .053, subd. 1(d) (2014) (dealing with employers requesting more time to file a notice of election if the commissioner finds good cause for an extension).

subdivision 1 concerns a situation where an applicant has to explain an absence from a meeting. Given the different showings that each subdivision requires, subdivision 13c does not share a common purpose with subdivision 1.

Second, in the context of filing continued requests for unemployment benefits, Minn. Stat. § 268.0865, subd. 5(a) (2014) defines good cause as "a compelling substantial reason that would have prevented a reasonable person acting with due diligence" from filing a request. While some of the language in section 286.0865 could be helpful, it is distinguishable from Minn. Stat. § 268.085, subd. 1(7) because it deals with an initial request for benefits submitted by mail or electronically, whereas section 268.085 concerns an applicant having to justify a missed meeting. Section 268.0865 would also impose a higher standard for explaining a missed meeting than section 268.105, as section 268.0865 defines good cause as *a compelling substantial reason* that would have prevented a reasonable person acting with due diligence, whereas section 268.105 only requires *a reason* that would have prevented a reasonable person acting with due diligence. Given a choice between the two, we select the lesser burden because it would give an applicant a better chance at receiving unemployment benefits in accordance with the purpose of chapter 268. *See* Minn. Stat. § 268.031, subd. 2 (2014) ("This chapter is remedial in nature and must be applied in favor of awarding unemployment benefits.").

Finally, Minn. Stat. § 268.095, subd. 2(d) (2014) defines good cause for failing to request another work assignment or refusing to accept a suitable assignment as "a reason that is significant and would compel an average, reasonable worker, who would otherwise want an additional suitable job assignment" to fail to request another

7

assignment or refuse an offered assignment. The definition of good cause in section 268.095 deals with circumstances where an applicant who was employed by a staffing service refuses to accept or apply for an assignment and has to show good cause for those actions. That scenario is distinguishable from section 268.085, where the applicant has to show good cause for missing a reemployment assistance services meeting.

Because Minn. Stat. § 268.105, subd. 2(d) shares a common purpose and subject matter with Minn. Stat. § 268.085, subd. 1(7), we adopt the definition of good cause from section 268.105 to determine the meaning of the undefined and ambiguous good cause in section 268.085. We therefore define good cause under Minn. Stat. § 268.085, subd. 1(7) as a reason that would have prevented a reasonable person acting with due diligence from participating in the reemployment assistance services meeting.

**B.**

We next have to determine what would keep a reasonable person acting with due diligence from participating in reemployment assistance services. This court has interpreted the definition of good cause under Minn. Stat. § 268.105, subd. 2(d) on several occasions, and we can look to those cases to help interpret the definition here. *See Petracek v. Univ. of Minn.*, 780 N.W.2d 927, 930 (Minn. App. 2010) (using other interpretations of good cause to help decide what would prevent a reasonable person acting with due diligence from participating at a hearing under section 268.105).

In *Petracek*, the court considered whether being in jail was good cause for missing a hearing under section 268.105. 780 N.W.2d at 929. The court held that being in jail, without an attempt to reschedule the hearing or further explanation of the circumstances

of the incarceration, is not per se good cause for missing a hearing. *Id.* at 930. In *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 345 (Minn. App. 2006), the court held that missing a hearing for work was not good cause under section 268.105 when the applicant did not attempt to reschedule the hearing or demonstrate that a request for time off to attend the hearing was denied. *Petracek* and *Skarhus* make clear that an applicant must make some showing—like an explanation of the circumstances of the incarceration in the case of *Petracek*, or DEED refusing to reschedule a hearing in *Skarhus*—in order to establish good cause for missing a hearing.

At the evidentiary hearing, relator testified that he missed the meeting because he forgot; he did not have any other justification for his absence even when the ULJ asked for further explanation. Relator also testified that he knew about the meeting, put it in his calendar, and lived only 500 feet from the meeting location. Relator attended a subsequent meeting without issue. A reasonable person acting with due diligence would not have forgotten about the meeting.

Relator presented new information for why he missed the meeting in his brief to this court. Relator explained that he was having difficulty keeping up with insurance-related paperwork; he was going through bankruptcy; he was searching for a job; and he was assisting a close family member suffering from an illness. However, relator did not present this information to the ULJ and we therefore may not consider it. *See Plowman v. Copeland, Buhl & Co.,* 261 N.W.2d 581, 583 (Minn. 1977) ("It is well settled that an appellate court may not base its decision on matters outside the record on appeal . . . .").

9

Additionally, while this court is sympathetic to relator's personal and financial struggles, there is no equitable denial or allowance of benefits. Minn. Stat. § 268.069, subd. 3.

## D E C I S I O N

Relator is not eligible for unemployment benefits for the week that he missed a required meeting because he did not have a reason that would have prevented a reasonable person acting with due diligence from participating at the meeting.

**Affirmed.**