*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0305**

Paul Hecimovich,
Relator,

vs.

Always There Staffing, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed November 9, 2015
Affirmed
Ross, Judge**

Department of Employment and Economic Development
File No. 33042218-3

William E. Maxwell, Robert C. Friday, Legal Aid Service of NE Minnesota, Virginia, Minnesota (for relator)

Always There Staffing, Inc., Hibbing, Minnesota (respondent)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Stauber, Judge.

UNPUBLISHED OPINION

**ROSS**, Judge

Paul Hecimovich quit his job as a scrap-iron laborer after one week because his boss yelled at him. An unemployment-law judge (ULJ) determined that Hecimovich is ineligible for unemployment benefits because he quit his employment and the statutory 30-day unsuitability exception does not apply. Hecimovich appeals, arguing that because his employment was unsuitable under Minnesota Statutes section 268.035, subdivision 23a (2014), he need not show that the reason he quit his job was its unsuitability. Because the statute does not support his argument, we affirm the ULJ's determination.

## FACTS

In September 2014 Paul Hecimovich began working for the staffing service Always There Staffing, Inc. Always There assigned him a job as a scrap-iron laborer at Radko Iron & Supply, Inc. Shortly after starting this job, Hecimovich was measuring metal for cutting when the Radko boss approached him. The boss yelled, "[Y]ou've been screwing up from day one!" And he added, "[Y]ou've been f---ing up since you've been here!" At the end of his shift, Hecimovich informed Always There and Radko that he would not return to work at Radko. He had quit after only one week.

The department of employment and economic development determined that Hecimovich is ineligible for unemployment benefits because he quit his job at Radko and did not meet a statutory exception to quit-based ineligibility. Hecimovich appealed this determination to a ULJ. Hecimovich conceded at the hearing that he "didn't mind the work" at Radko and that he quit his employment because the boss yelled at him. The ULJ

found Hecimovich ineligible for benefits because he quit his employment and the 30-day unsuitability exception does not apply. The ULJ affirmed her decision on reconsideration. This appeal by writ of certiorari follows.

**D E C I S I O N**

Hecimovich argues that he is eligible for unemployment benefits because he timely quit unsuitable employment. We review de novo a ULJ's ineligibility decision. *Fay v. Dep't of Emp't & Econ. Dev.*, 860 N.W.2d 385, 387 (Minn. App. 2015). A person who quits employment is generally ineligible for unemployment benefits. *See* Minn. Stat. § 268.095, subd. 1 (2014). Hecimovich concedes that he quit employment with Radko, but he argues that he satisfies the 30-day unsuitability exception. This exception confers eligibility when the applicant quit within 30 days after beginning employment because the employment was unsuitable. *Id.*, subd. 1(3).

There is no dispute that Hecimovich quit employment at Radko within the 30-day period under the exception. We are left to decide only whether his employment was "unsuitable" under the statute and whether he quit "because" of the unsuitability:

> (g) Employment is not considered suitable if:
>
> . . . .
>
>> (4) the employment is with a staffing service and less than 25 percent of the applicant's wage credits are from a job assignment with the client of a staffing service.
>>
>> (h) A job assignment with a staffing service is considered suitable only if 25 percent or more of the applicant's wage credits are from job assignments with clients of a staffing

3

> service and the job assignment meets the definition of suitable employment under paragraph (a).

Minn. Stat. § 268.035, subd. 23a(g)(4), (h). Because Hecimovich earned none of his wage credits through Always There's clients, his employment was unsuitable.

But Hecimovich did not quit his job *because* it was unsuitable. He quit because it was intolerable to his personal sensibilities. In *Wiley v. Robert Half Int'l, Inc.*, we recognized that the word "because" in the 30-day unsuitability exception establishes that the statute requires an applicant to show a causal relationship between the job's unsuitability and the applicant's reason for quitting. 834 N.W.2d 567, 570–71 (Minn. App. 2013). Although the employment's unsuitability need not be the sole or even the primary reason why the employee quit, it must be one reason. *Id.* at 571. Hecimovich's only reason for quitting was his boss's yelling at him. The yelling is unrelated to the job's unsuitability under the statute, and Hecimovich therefore does not establish the required causal relationship. Hecimovich's counsel conceded at oral argument that reversing the ULJ's eligibility determination would require us to overturn our decision in *Wiley*. We decline the invitation to do so.

**Affirmed.**