*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0628**

Amy L. Morris,
Relator,

vs.

Trudeau Foods LLC,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed January 19, 2016
Affirmed
Kirk, Judge**

Department of Employment and Economic Development,
File No. 32882308-5

Amy L. Morris, St. Paul, Minnesota (pro se relator)

Trudeau Foods LLC, Prescott, Wisconsin (respondent)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Kirk, Presiding Judge; Peterson, Judge; and Worke, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

Relator challenges an unemployment-law judge's dismissal of her appeal as untimely. We affirm.

## FACTS

In August 2014, relator Amy L. Morris applied for unemployment benefits and established a benefit account after being discharged from her employment at respondent Trudeau Foods LLC. On September 25, respondent Minnesota Department of Employment and Economic Development (DEED) issued and mailed Morris a determination of ineligibility, concluding that she was ineligible for unemployment benefits because she was discharged for employment misconduct. Under the heading "[r]ight of [a]ppeal," the determination stated that it would become final unless Morris filed an appeal by October 15.

Morris filed an appeal online on October 24. She explained that she was filing her appeal late because she thought she had appealed when she logged onto her Minnesota Unemployment Insurance Program online account on October 13 and "followed the prompts to file an appeal." On October 27, the unemployment-law judge (ULJ) issued an order dismissing Morris's appeal as untimely, concluding that he lacked jurisdiction to hear and consider the merits of the appeal.

On November 10, Morris filed an online request for reconsideration, indicating that when she "went to the appeal page" on October 13, the website informed her that her "account needed to be reactivated before the appeal." She asserted that, after following the prompts for reactivation, the website "asked [her] to return to the homepage" and she thought she had

completed her appeal. She admitted that she had done "something wrong[,] thinking it was done." On December 1, Morris faxed an additional written statement for reconsideration, adding that, once she reactivated her account on October 13, "it asked to apply for benefits for that week and the two previous weeks . . . . Once that was completed [i]t stated I had nothing else to complete and I assumed my ben[e]fits were applied for and my appeal was done as well."

The ULJ granted an evidentiary hearing on the timeliness of the appeal. Another ULJ conducted the hearing and Morris testified. Morris acknowledged receiving the determination of ineligibility in the mail in September or early October. She testified that, after logging into her account on October 13, she "went to the late appeal tab[,] which redirected [her] to another page." The webpage stated that she had not collected benefits for certain weeks and that she needed to reactivate her account. After Morris applied for benefits for the missing weeks, she returned to her "homepage," which indicated that she "had nothing else to do at the time." Morris testified that she was "pretty sure" that when she originally logged onto her account, she clicked on a link labeled "file an appeal" or "how to file an appeal." She acknowledged that, because she was using a cell phone, she could not view the website very well.

When Morris logged onto her account eight or nine days later, she learned that she had failed to file a timely appeal. She called DEED and spoke with a representative, who told her that she had not, in fact, filed an appeal. Morris testified that the representative explained that appeals are filed through the "determination tab," which Morris had not previously seen. Morris acknowledged that she had not attempted to file an appeal by mail or fax.

3

On January 8, 2015, the second ULJ found that Morris did not appeal the determination on October 13, but instead filed her appeal on October 24. The ULJ concluded that, during the appeal period, DEED received nothing from Morris that could reasonably be interpreted as disagreeing with the determination of ineligibility. Because Morris failed to file a timely appeal, the ULJ concluded that she lacked jurisdiction to address the appeal on its merits. Morris sought reconsideration, but the first ULJ affirmed the decision.

This certiorari appeal follows.

## D E C I S I O N

A determination of ineligibility for unemployment benefits is final "unless an appeal is filed by the applicant . . . within 20 calendar days" after the determination is mailed. Minn. Stat. § 268.101, subd. 2(f) (2014). The statutory time limitation is "absolute and unambiguous." *Semanko v. Dep't of Emp't Servs.*, 309 Minn. 425, 430, 244 N.W.2d 663, 666 (1976). "An untimely appeal from a determination must be dismissed for lack of jurisdiction." *Stassen v. Lone Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 29 (Minn. App. 2012); *King v. Univ. of Minn.*, 387 N.W.2d 675, 677 (Minn. App. 1986) ("[S]tatutes designating the time for appeal from decisions of all levels of the Department should be strictly construed, regardless of mitigating circumstances."), *review denied* (Minn. Aug. 13, 1986). A ULJ's decision to dismiss an appeal as untimely is a question of law reviewed de novo. *Godbout v. Dep't of Emp't & Econ. Dev.*, 827 N.W.2d 799, 802 (Minn. App. 2013).

The purpose of chapter 268 is to assist those "who are unemployed through no fault of their own." Minn. Stat. § 268.03, subd. 1 (2014). The chapter is remedial in nature and must be applied in favor of awarding benefits, and any provision precluding receipt of benefits must

4

be narrowly construed. Minn. Stat. § 268.031, subd. 2 (2014). However, only "[a] written statement delivered or mailed to the department that could reasonably be interpreted to mean that an involved applicant is in disagreement with a specific determination or decision is considered an appeal." Minn. Stat. § 268.103, subd. 2(b) (2014). This provision "applies to electronically transmitted statements delivered through the department's website to the same extent it applies to physically transmitted statements mailed or delivered by hand." *Kangas v. Indus. Welders & Machinists, Inc.*, 814 N.W.2d 97, 100-01 (Minn. App. 2012). Further, "[t]he commissioner may restrict the manner and format under which an appeal by electronic transmission may be filed." Minn. Stat. § 268.103, subd. 1(b) (2014).

On appeal, Morris argues that she "thought just clicking the button for file an appeal was" all that was necessary to file her appeal and that she believes that changes were later made to the website due to the problems that she encountered in submitting her appeal. She also asserts that she "was told you can only be logged on for 30 minutes or it kicks you out without saving and you can only use so many words to file which was never stated."[1]

Because Morris did not previously allege that there were changes to the website following her problems submitting her appeal, that the system "kicks you out without saving" after 30 minutes, or that there was an unstated word limit, we do not consider these assertions

---

[1] In addition, Morris challenges the determination of ineligibility. Because the ULJ did not address this issue, it is not within the scope of this appeal. *See* Minn. Stat. § 268.105, subd. 7(d) (2014 and Supp. 2015) (stating that this court may reverse or modify the ULJ's decision if the findings, inferences, conclusion, or decision are, inter alia, "in excess of the statutory authority or jurisdiction of the department" or "made upon unlawful procedure"); *Eley v. Southshore Invs., Inc.*, 845 N.W.2d 216, 222 (Minn. App. 2014) (declining to consider the merits of DEED's determination of ineligibility because the ULJ did not).

on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (holding that a reviewing court must generally consider only issues presented and considered by the district court). Notably, Morris does not argue that either of the last two issues inhibited her ability to file a timely appeal.

The fact that Morris logged onto the website prior to the appeal deadline and performed certain tasks does not show that she filed an appeal. As the second ULJ found, nothing in reactivating her account or requesting unemployment benefits for additional weeks could reasonably be understood as disagreeing with DEED's determination of ineligibility. *See* Minn. Stat. § 268.103, subd. 2(b). Even assuming that Morris originally clicked on a link related to filing an appeal, she failed to complete any further steps related to the ineligibility determination, which would be necessary to rationally believe that she had filed an appeal of that decision.

Because Morris's appeal was untimely, the ULJ properly determined that she lacked jurisdiction to address it on the merits. *See Stassen*, 814 N.W.2d at 29.

**Affirmed.**